## GILMORE et al. *v.* BRENHAM et al.

An appeal will be dismissed only where the appellee shows himself clearly entitled to that relief. In cases of doubt, the interpretation will be liberal in favor of the appellant.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.
    *Mott, Prentiss* and *Finney*, for the plaintiffs.  *G. B. Duncan* and *Roselius*, for the appellant.

The judgment of the court was pronounced by

SLIDELL, J.  In this case the appellees move to dismiss the appeal of *John H. James*, on the ground that a previous appeal was taken in the same case, which the appellant is to be considered as having abandoned by not filing in due season the transcript of appeal, and thereby having precluded himself from a second appeal, pursuant to articles 589 and 594 of the Code of Practice. For a proper understanding of the case it is necessary to set forth in detail the nature of the proceedings had in relation to this, and ten other causes, in which *James*, the appellant, was interested; which facts we have ascertained by a careful examination of the records in this and the other cases, and of the original records and minutes of the Commercial Court, which, in consequence of the confusion which has arisen in this matter, and also of an application by the appellees for a *certiorari*, we have caused to be brought before us in the originals.

It appears that eleven suits were instituted in the Commercial Court, about

the same time, by various plaintiffs, by the same attorneys against the same de- <span style="float:right">GILMORE</span>
fendants, of which cases that now before us is one. In each of these suits *John* <span style="float:right">*v.*</span>
*H. James* filed a third opposition. In each the third opposition was in the same <span style="float:right">BRENHAM.</span>
terms, and to the same effect. To each third opposition an exception was filed
in each case. The nature of the exceptions in each case was identical. Thus
the same questions of law and fact were, so far as the third oppositions and ex-
ceptions were concerned, presented in each cause.

Under these circumstances, and manifestly for the purpose of saving the loss
of time and the expense which would have attended a separate hearing, all the
exceptions were heard together. On the minutes of the Commercial Court the
titles of all the cases are written down, and included in a bracket, opposite to
which is written these words: " The *exception* to the *third opposition* of *J. H.
James*, filed in these cases, came on this day for trial before the court. *Mott* and
*Kane*, for plaintiffs. *L. C.*, and *G. B. Duncan* and *C. Roselius*, for third oppo-
nent. After hearing counsel the court took the same under consideration." It
is thus manifest that, for the purpose of this hearing in the court below, the
parties had agreed to a joint hearing there, and that the decree in one case
should be decisive there of all. When the judge gave his reasons for judgment,
ho gave them, and they were filed, in one case only, that of *Hefferman ;* but
separate decrees were entered in each, with a reference on each record to the
reasons assigned in the one case.

The judgments being identical in their terms, and being all against *James*, he
filed in the record of the suit of *Hefferman* v. *Brenham et al.*, a petition of appeal.
The form and manner of this petition were evidently dictated by the belief that,
there was an agreement of counsel to argue the exception in this court at one
hearing, as had been done in the court below, and that all the cases should
share the fate of the case of *Hefferman*. Accordingly the petitioner puts at the
head of his petition, thus filed in *Hefferman's* case only, a list of eleven cases,
with their titles and numbers, and then sets forth that in each of the above
cases, upon third opposition and exception thereto, decrees had been rendered
in which there was error to his prejudice: " Wherefore, inasmuch as the said
oppositions in each of the said cases, together with each answer and each
judgment, are in the same words and figures respectively, and each party to the
said several oppositions hath the same interest in the final decision of the same,
he prays to be allowed to appeal from the judgments rendered in the said above
recited cases, and that the parties plaintiffs in the several above recited cases, but
defendants in said third oppositions, be severally cited to appear, and answer this
petition and appeal." Upon this petition, thus filed in the record of *Hefferman's*
case alone, was indorsed and signed by the judge the following order : " An ap-
peal is allowed in *this case* according to law, returnable in the Supreme Court
on the first Monday of March next, on the appellant's giving *bond* with good and
solvent security, in the sum of $100, in favor of each of the plaintiffs mentioned
in the petition of appeal, with condition as the law directs ; and let the appellees
named in said petition be cited to answer the same." Signed, Jan. 24, 1846.

An appeal bond was filed in *Hefferman's* case only, of the following tenor :

"Know all men by these presents that we *John H. James* and *Charles A. Sheafe,*
are held and firmly bound unto *Charles Hefferman*, Messrs. *Gilmore &amp; Hender-
son, Lillard, Mosby &amp; Co., Conrey &amp; Co., Stanton &amp; Co., Miller &amp; Baldwin,
Thomas Londensliker, D'Aquin &amp; Brothers, Crutchler &amp; McRaven, John T. Yoe,*
and *William B. Richardson,* jointly and severally, and to each of them severally,

GILMORE
v.
BRENHAM.

their and each of their executors, administrators and assigns, in the sum of $100, and to each of them respectively in the sum of $100, for the payment whereof we bind ourselves, our heirs, executors and administrators firmly by these presents. Sealed with our seals, and dated in the city of New Orleans, on the 24th day of January, in the year of our Lord one thousand eight hundred and forty-six. Whereas the above bounden *John H. James* this day filed a petition of appeal from a final judgment rendered him against on his third oppositions, filed in eleven suits in favor of the aforesaid obligees v. *C. J. Brenham & Steamboat Ambassador*, and numbered 7484, 7504, 7505, 7506, 7507, 7508, 7509, 7510, 7511, 7512, 7513, on the docket of the Commercial Court of New Orleans, in the State of Louisiana, on the 10th day of January, 1846. Now the condition of the above obligation is such that, the above bound *John H. James* shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in the appeal; otherwise that the said *Charles H. Sheafe*, his surety, shall be liable in his place.

(Signed)          JOHN H. JAMES, [L. S.]
by JAS. JANIUS JAMES.

Signed sealed and delivered     (Signed)          CHAS. H. SHEAFE, [L. S.]
in the presence of
(Signed) CHAS. F. HOZEY.

Filed 24th January, 1846.
(Signed)          ED. GARDERE, Clk."

In March, 1846, the record of appeal in the case of *Hefferman* was filed in this court; citations of appeal in the other suits were also issued by the clerk and served; and sheriffs returns were made and filed in this court. The case of *Hefferman* was set for trial in this court, argued by the same counsel for *James* who argued at a simultaneous hearing the exceptions in the eleven cases in the court below, and a decree of this court was rendered in *Hefferman's* case. Thereupon the counsel of *James*, acting, as we are justified in supposing, in good faith, and upon the belief that there was an understanding that the decree in one case was to govern all, on the 3d of June, 1846, moved this court and obtained an entry of a like decree in the other ten cases, by order, in the following words:

"Charles Hefferman, Appellee, ⎫
          v.                    ⎬  6109.
     Brenham & James.          ⎭

J. H. James, third Opponent and Appellant.

"It appearing from the inspection of the record in this case, that the plaintiffs in the following entitled suits, to wit, *Gilmore & Henderson* v. *Brenham et al.*, No. 7504—*Lillard, Mosby & Co.* v. *Same*, No. 7505—*Conrey & Co.* v. *Same*, No. 7506—*Stanton & Co.* v. *Same*, No. 7507—*Miller & Baldwin* v. *Same*, No. 7508—*Thos. Londensliker* v. *Same*, No. 7509—*D'Aquin & Brothers* v. *Same*, No. 7510—*Crutchler & McRaven* v. *Same*, No. 7511—*Jno. T. Yoe* v. *Same*, No. 7512, and *W. H. Richardson* v. *Same* No. 7513, were made parties *to this appeal*, and were duly cited to answer the same, and that the facts are precisely the same in each of said cases, the same judgment will be rendered in each of them. It is therefore ordered, adjudged, and decreed, that in each of said causes the judgment of the Commercial Court be avoided and reversed, and that this cause be remanded for further proceedings, the appellee paying the costs of this appeal."

These ten decrees, on a subsequent application of the opposite counsel, the court ordered to be rescinded, by an order in the following words :

GILMORE<br>v.<br>BRENHAM.

" Charles Hefferman, Appellee, } 6109.
  v.
  Brenham & James.

J. H. James, Third Opponent.

" In this cause the plaintiffs in the following entitled suits, to wit, *Gilmore &
Henderson* v. *Brenham et al.—Lillard, Mosby & Co.* v. *Same—Conrey & Co.* v.
*Same—Stanton & Co.* v. *Same—Miller & Baldwin* v. *Same—Thos. Londen-
sliker* v. *Same—D'Aquin & Bros.* v. *Same—Crutchler & McRaven* v. *Same—
Jno. T. Yoe* v. *Same*, and *W. B. Richardson* v. *Same*, were made *parties to this
appeal*, and decrees were entered by the court in error, supposing that said
parties and their counsel had consented that, the claims of said parties should be
determined by the judgment of this court on the appeal in this case. It is
ordered that the decrees rendered in said cases on the 3d of June inst. be set
aside."

The appellees then obtained, as to each of the ten cases, a certificate from
the clerk of this court that no record had been filed, which certificates they filed
in the respective cases in the court below. Subsequently, in June, 1846, *James*
filed a petition of appeal in this case, of which case the transcript has been filed,
and which appeal the appellees now move to dismiss.

All this confusion and difficulty, and the serious loss of the time of this court,
which belongs to the public and which would be abundantly occupied by the
consideration of cases on the merits, would have been avoided, if counsel
had entered into a written agreement, instead of relying upon mere verbal
understandings, which are generally loose and uncertain, and of which the
respective parties may, without a breach of good faith on either side, entertain
a different apprehension. As there is no such agreement before us, we must
look to the records alone ; and, after a laborious and critical examination of all
that appears of record, we have come to the conclusion that the order of appeal
of January 24th, 1846, was, in the absence of any agreement of record to ex-
plain and control it, by its terms and legal effect an order of appeal in *one case*,
and legally binding the appellees in that *one case only*. It follows that there is
no lawful order of appeal in the case now under consideration, except the order
of appeal granted on the 18th June, 1846, by virtue of which order the case is
now before us, and that until said order, and the proceedings had under it, the
jurisdiction of this court over this cause never attached.

In conclusion we take this occasion to remark that, as this court is one of last
resort, and affords to litigants, except in a very limited class of cases, the last and
only opportunity for relief from the decrees of the courts of inferior jurisdiction,
and as the legislature by the act of 1839 has manifested a like liberal policy, we
will always expect an appellee who moves for the dismissal of an appeal to bring
himself clearly within the legal rules with regard to dismissal, which in cases of
doubt we shall deem it our duty to interpret liberally in favor of the appellant.

For the reasons above assigned the motion to dismiss the appeal is refused,
the appellees to pay the costs of said motion.*

---

* Similar judgments were rendered at the same time, on applications to dismiss appeals
taken by *James* from judgments rendered in the cases of *Richardson*, of *Crutchler et al.*, of
*Miller et al.*, of *Londensliker*, and of *D'Aquin*, brothers, against the same defendants.