## HALL et al., Syndics *v.* NEVILL et al.

A motion to dismiss on the ground of informality in the mode of bringing up an appeal, must be made within three judicial days after the filing of the record.

A sale of a tract of land, which is described by its name and as containing a certain number of acres, is not a sale *per aversionem*, the property not being designated by adjoining tracts, nor sold from boundary to boundary.

A purchaser at a judicial sale is not protected in the case of a mere redhibitory vice; but where there is a deficiency in the quantity of land sold, the purchaser at a syndic's sale is entitled to a proportional diminution of the price. C. C. 2598, 2599. His rights are not as broad as those of an ordinary vendee, who may have the entire contract rescinded in case of partial eviction, where the part from which he is evicted is of such consequence relatively to the whole that he would not have purchased without the part from which he has been evicted. C. C. 2487.

The sale of the property of another is null; and in such a case eviction by judicial authority is not required to entitle the purchaser to relief. C. C. 2427.

Where the purchaser was aware, at the time of the sale, that the thing sold belonged to another, art. 2427, by implication, refuses him damages in case of eviction; but it does not affect his right to recover the price. That right exists though the purchaser was aware that the thing sold belonged to another, unless excluded by express stipulation, or unless the purchaser bought expressly at his own risk and peril. C. C. 1960, 2481.

APPEAL by the defendants from a judgment of the District Court of West Feliciana, *Penn*, J. There was a motion to dismiss this appeal, on the ground that one of the defendants had given no appeal bond. *Phillips* and *Ratliff*, for the plaintiffs. *Moise, Merrick,* and *Brewer*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. There is a motion to dismiss the appeal as to one of the defendants. It comes too late, not having been made within three judicial days after the record was filed. See *O'Reilly* v. *McLeod*, 2 Ann. Rep. 138.

This suit is upon notes given for the price of land, and the defendants resist the payment upon the ground of a deficiency in the quantity. They ask the

recision of ths sale, or, at least, a reduction of the price. The land was adjudicated to the defendant *Stephen Nevill*, at a syndic's sale of the estate of the insolvent, *Dunbar*, by the following description: " One tract of land called the Posey tract, containing four hundred acres." This was not 'a' sale *per aversionem*, the property not being designated by adjoining tracts or tenements, nor sold from boundary to boundary.

The deficiency alleged is one hundred and sixty acres, being more than one twentieth. It is said that purchasers at syndic's sales obtain only the right, title, and interest of the insolvent, and cannot refuse to pay the price bid, unless they are actually evicted, or a disturbance is apprehended. We are referred to articles 2180, 2597 and 2598 of the Civil Code. In the case of mere redhibitory vices, the purchaser at judicial sale is not protected. But where there is a deficiency of quantity, as is alleged in the present case, the purchaser at a syndic's sale is entitled to the same relief`as an ordinary purchaser. See *Davenport's Heirs* v. *Fortier*, 3 Mart. N. S. 697. We proceed therefore to the consideration of the alleged deficiency, and of the title of the insolvent.

*Dunbar* surrendered a tract of land called the Posey tract, which was stated in his bilan as containing four hundred acres. He purchased a tract of *Margaret Posey* of two hundred and forty acres, the title of which is not disputed, and the deed then declares: " It is understood by the aforesaid parties agreeing that the improvements purchased by the said *Margaret Posey* from *Wylie Moore*, and by said *Moore* from *Francis Marks*, are included in this transfer, the above improvements being probably public land." The tract has been surveyed under an order of court. There are two hundred and forty acres, of which the title was in *Dunbar*; but the residue, one hundred and sixty acres, has never been severed from the public domain. The plaintiff's counsel acknowledges, in his brief, that *Dunbar* was, to that extent, the transferee of what he terms a settlement right.

No purchase having ever been made of the United States, the syndic's sale of this tract, so far as it involves the public land, namely, one hundred and sixty acres, was the sale of the property of another, and consequently null. The possession of *Dunbar*, and by consequence that of the defendants, acquired from the syndic, was a trespass upon the public domain. That possession did not divest, nor affect, the title of the United States. In a case like the present a regular eviction by judicial authority is not required, to entitle the purchaser to relief. See Civil Code, 2427. *Pepper* v. *Dunlap*, 9 Rob. 289.

Evidence was offered at the trial to prove that, prior to his purchase, *Nevill* knew that the title to the one hundred and sixty acres was defective. This testimony was immaterial, and was properly rejected. It would not debar the defendant from resisting payment *pro tanto*. It is true, article 2427 of the Code, by implication, refuses *damages*, when the buyer was aware of such ownership; but it does not affect in such a case the right of relief as to the price. That right exists even where there was knowledge on the part of the buyer, unless excluded by a stipulation of non-warranty, and where the purchaser has expressly bought at his own risk and peril. See C. C. 2481, 1960. Code Napoléon, 1599, 1629, 1630. Duranton, vol. 16, § 362. Troplong, Vente, § 482. Such also appears to have been the doctrine of the civil law.

But although the defendant is entitled to relief, his rights are not as broad as those of an ordinary vendee. The latter may have the entire contract rescinded in case of partial eviction, where the evicted part of the thing

HALL
v.
NEVILL.

sold is of such consequence, relatively to the whole, that he would not have purchased it without the part from which he is evicted. *C. C.* 2487. But the purchaser at a judicial sale, is entitled to a proportionate diminution only. C. C. 2598, 2599. C. N. 1636. Pailliet, Manuel de Droit Français.

The testimony does not furnish us the means of making the reduction of price, and the cause must be remanded.

As further testimony will probably be offered with regard to the mortgage in favor of the Bank of Louisiana, we express no opinion on that branch of the case.

It is therefore decreed, that the judgment of the District Court be reversed, and that this cause be remanded for further proceedings according to law, the plaintiffs paying the costs of this appeal.