## MITCHELL v. LAY.

Where, in an action to enjoin a *fi. fa.*, an appeal is granted to the defendant, on motion and in general terms, it must be considered as embracing not only the plaintiff, but also the sureties in the injunction bond, who, by a fiction of law (Stat of 25 March, 1831 s. 3,) are considered as plaintiffs in the injunction.

Where an appeal is granted on motion in open court, no citation is necessary.

A motion to dismiss an appeal, taken by the defendant from a judgment rendered in an action enjoining an execution, on the ground that the principal in the injunction bond was the only obligee in the appeal bond, must be made within three days after the record is filed.

REHEARING as to the sureties on the injunction bond. See first part of this case, 3 An. 593.

*Garrett*, for the plaintiff. *McGuire* and *Ray*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The order of appeal was granted upon motion, and in general terms. It must be considered as embracing not only the plaintiff in the cause, but also the sureties in the injunction bond, who, by a fiction of law (Statute of 1831,) are parties plaintiffs in the injunction. The appeal being ordered upon motion, the sureties are to be considered as having been cited as appellees. Act

of 1843, p. 40. *Isabella* v. *Picot*, 2 An. 390. If the appeal bond was informal in naming their principal only as obligee, upon which point we express no opinion, it was an informality which should have been suggested at an earlier day, and cannot now be noticed, See *O'Reilly* v. *McLeod*, 2 An. 138.

It is, therefore, ordered that, the decree against the sureties, *Ryan* and *Newburger*, remain undisturbed.