## W. Creevy et al. *v.* J. W. Breedlove.

A motion to dismiss the appeal is too late after the lapse of three judicial days, from the filing of the transcript, and after the cause has been set down for trial at the instance of the party who moves the dismissal.

Property sunk in a steamboat and unclaimed for twenty-three years held to be clearly derelict.

Excessive damages awarded below will be reduced by the Supreme Court.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. Tried by a jury. *H. Gaither* and *W. S. Stansbury*, for plaintiffs. *Semmes & Labat* and *J. C. Larue*, for defendant and appellant.

Spofford, J. The motion to dissmiss came too late. More than three judicial days had passed since the filing of the transcript, and the cause had already been set down for trial at the instance of counsel for the party who afterwards made the motion to dismiss. See *Temple* v. *Marshall & James*, 11 Ann. 613. *O'Reilly* v. *McLeod*, 2 Ann. 138.

The property sunk in the steamer *Tennessee* having been unclaimed for twenty-three years was clearly derelict. The plaintiffs had a right to attempt its recovery by means of their diving bells and wrecking apparatus.

The defendant, under the evidence, was without a legal interest to justify his interference with the operations of the plaintiffs. There is evidence enough in the record unobjected to, to establish the fact of his wrongful interference to the damage of the plaintiffs, without considering the validity of the certificate from the Supreme Court of Chancery of the State of Mississippi.

But the damages awarded ($7,000) appear to us excessive. The temporary pendency of the injunction could only have caused the plaintiffs to lose the time and money they had already expended over the wreck, and were obliged to spend in resisting the injunction. All other considerations are too remote, conjectural and fanciful to serve as a basis for the estimate of damages in a case of this character.

For, the alleged treasure is still in the river bed. So soon as the injunction was dissolved, the plaintiffs might have returned thither and renewed their search for gold. They lost the time spent in gaining access to the wreck in the fall of 1846, because, pending the injunction the current of the river again covered it with mud and sand. They were put to an expense of five hundred dollars in defending the suit. It seems to us that under the evidence three thousand dollars would be an ample remuneration to the plaintiffs for their labor lost in consequence of the defendants course in suing out the injunction

It is, therefore, ordered, that the judgment of the District Court be avoided and reversed, and it is now ordered, adjudged and decreed that the plaintiffs recover of the defendant the sum of three thousand five hundred dollars and the costs of suit in the District Court, they paying the costs of this appeal.