No. 4436.—Widow of CHARLES DUMONCHEL, Tutrix, etc., v. THOMAS LEMERICK.

A motion to dismiss an appeal for reasons that are purely technical, such as informalities in the citation and service of appeal, must be made within three judicial days from the filing of the transcript.

Where a promissory note has been suffered to prescribe on its face, and no sufficient showing is made by the holder that prescription has been interrupted, the plea will be maintained. 20 An. 131, 565.

APPEAL from the Second District Court, parish of St. Bernard, Cazabat, J. Joseph Marcel Ducros, for appellant. Belden & Fuselier, for appellee.

WYLY, J. Defendant has filed a motion to dismiss this appeal on the following grounds:

First—Because the citation of appeal is defective in this, "it does not purport to have been issued in the name of the State of Louisiana," "it is not sealed with the seal of the court," it was not served on appellee by the sheriff of the parish where he resided at the time, and it does not specify the number of days given appellee to answer, etc.

Second—Because the certificate of the clerk to the transcript is defective in this, no mention is made in it that the transcript contains copies of all the documents filed in the case.

Third—Because the amount in controversy is less that $500.

The transcript was filed in this court on the twenty-first day of June, 1867, and the motion to dismiss was filed on the twenty-first December, 1868.

The defendant does not deny that he was cited, but sets up objections to the form of the citation and the service, which we regard as purely technical and should have been made within three judicial days after the transcript was filed.

On motion of appellant's counsel the clerk of the district court was permitted to correct his certificate, and the same, drawn up in proper form, was filed in this case on sixteenth January, 1869, which removes the second ground for dismissal.

The third ground was not well taken, the amount in controversy being over $500, including principal and interest up to the filing of the suit.

It is therefore ordered that the motion to dismiss this repeal be overruled.

During the marriage of plaintiff and her husband Charles Dumonchel, the acquired by purchase a small tract of land in the parish of St. Bernard, and afterward borrowed from defendant a sum of money, to secure which she gave her mortgage notes bearing on said property. She signed the notes and executed the mortgage with the written authorization of her husband. The husband afterwards died and the, property was inventoried as his property, having been acquired during the marriage.

Plaintiff, widow Dumonchel, was appointed natural tutrix of the minor children of her marriage with her husband.

She executed an act renouncing the community of acquets and gains which had existed between her and her husband Charles Dumonchel.

The defendant took out an order of seizure and sale against the property, proceeding against the widow individually on her notes. It was not taken out against the property as belonging to the succession, nor was notice of the order served upon the widow as tutrix and legal representative of the succession.

In order to prevent the sale of the property, plaintiff in her capacity as tutrix, took out an injunction, alleging that the property seized was part of the succession of Charles Dumonchel, having been acquired during the marriage; that she had renounced the community and only appeared in behalf of the heirs; that the notes in which the order was granted are barred by the prescription of five years, and that the property was exempted from seizure by the Homestead Act, etc.

Defendant's answer admits the property seized was acquired during the community and belongs to the succession of Charles Dumonchel, for which reason the answer states the defendant "changes the character of his action from executory to ordinary, and prays that the said Mrs. Dumonchel have copies for this answer with petition for order of seizure and sale served on her in her capacity as natural tutrix of her minor children, administering the estate of her deceased husband Charles Dumonchel, and surviving wife and partner in community, and after due and legal proceedings had that he have and recover judgment for the amount claimed in his petition for order of seizure and sale, with full recognition of his mortgage on the property seized, and that it be sold to satisfy the demands in said petition and costs of suit."

On the trial the injunction sued out by plaintiff was dissolved with costs, and she has appealed.

That the order of seizure and sale was improperly granted there can be no doubt. The defendant admits in his answer that the property seized as the separate property of Mrs. Dumonchel was property belonging to the succession of Charles Dumonchel; he abandons his proceeding against her, and declares that he changes his action from executory into ordinary, praying for judgment against the succession, recognizing his mortgage in the property, etc.

His answer virtually admits that his executory proceeding was wrong. If so the injunction was properly taken out.

The defendant had the right to change his proceedings and ask for judgment against the succession for the amount of his claim and for the recognition of his mortgage on the property, and the judge should have granted him judgment as prayed for unless there was some good defense to his demand.

Plaintiff in injunction sets out several grounds of defense, but the most serious one seems to be the plea of prescription of five years.

The notes on which the defendant, Thomas Lemerick, bases his claim were made on twenty-first and twenty-fifth of April, 1860, and payable twelve months after their respective dates. They were made during community, and although in the name of his wife, they were debts due by the community. There was no proceeding against the succession on these notes till they were declared upon by the defendant in his answer filed October 1, 1866, more than five years from the date of their maturity. We have not found in the record any evidence of the interruption of prescription, and we think the plea was well taken.

Having taken this view of the plea of prescription it becomes unnecessary to notice the bill of exception taken by the defendant to the introduction of the mortuary papers of said succession on the ground that there were no stamps thereon, and also there was no evidence in the copy of the act of renunciation that the original was stamped by the notary who passed it, etc.

It is therefore ordered that the judgment appealed from be avoided and annulled, and it is now ordered that the injunction sued out by plaintiff be perpetuated, and that there be judgment in favor of the succession of Charles Dumonchel, dismissing the demand of the defendant Thomas Lemerick at his cost in both courts.