Elizabeth Murrison v. C. Seiler & Co. et al.

## No. 2343.—Elizabeth Murrison *v.* C. Seiler & Co. et al.

A motion to dismiss an appeal comes too late, if not made within three days after the record is filed. 19 An. 276; 2 An. 138.

The assignment by the husband of a judgment in his favor, to the wife in payment of her paraphernal claims against him, is a proper and legal transaction. And the fact that the amount of the judgment is far in excess of the amount of the wife's claim is not sufficient, if the evidence shows that the real value of the judgment is not above that of the claim of the wife, to raise the presumption of fraud in the transaction. All transactions allowed by law, calculated to protect the interests of married women, are regarded in a favorable light by the courts of this state.

| 22 | 327 |
| 44 | 310 |
| 22 | 327 |
| 48 | 800 |
| 22 | 327 |
| 119 | 227 |

APPEAL from Seventh District Court of New Orleans. *Collens*, J. *Lacey & Butler*, for plaintiff and appellant. *E. Howard McCaleb* and *Breaux & Fenner*, for defendants and appellees.

TALIAFERRO, J. There are several grounds on which the dismissal of the appeal taken in this case is asked, but the motion to dismiss, it appears, comes too late. The appeal was made returnable to this court on the first Monday of November, 1869. The transcript was filed on the twenty-fifth of October, 1869, and the motion to dismiss, on the eleventh of April, 1870—more than three days having, in the interim, elapsed. 7 N. S. 271; 2 An. 138; 19 An. 276.

It is therefore ordered that the motion to dismiss be overruled.

## On the Merits.

The plaintiff, wife of J. B. Murrison, received, by a notarial act, a transfer from her husband of two judgments, which he had obtained against Ewing Chapman; and this assignment to the wife is declared to be to pay and reimburse her the sum of six thousand two hundred and one dollars, paraphernal funds of the wife, received by the husband and converted to his own use. One of these judgments, amounting to over $40,000, was seized under *fieri facias* as property of the husband by C. Seiler & Co., judgment creditors of J. B. Murrison, and defendants in this case.

The plaintiff enjoined this proceeding, claiming ownership of the judgment by virtue of the transfer or *dation en payement*, made to her by her husband as a reinvestment of her paraphernal funds, received and used by him, as acknowledged in the act referred to. The defendants, in injunction, allege that the pretended sale or transfer of this judgment is a simulation and fraud on the part of the debtor who, as they aver, was in insolvent circumstances at the time of the transfer, having no other property besides the judgment sought to be screened from the reach of his creditors. They deny that the plaintiff had any just claim against her husband. The defendants had judgment in their favor in the court below, and the plaintiff appealed. The evidence places it beyond doubt that the claims of the wife, in this instance, are *bona fide*, and that her husband was really indebted to her for a large

amount of her separate funds, received and used by him. The judgment given to her in payment is for $40,000, an amount greatly exceeding that for which he was indebted. But the evidence makes it pretty clear that it is really worth not more than the amount established to be owing to the wife by the husband. There has been no declared insolvency in the case of Murrison. He is shown to be in embarrassed circumstances, but that fact alone does not necessarily imply that there was a fraudulent intent in the matter of his assigning the judgment in question to his wife, in payment of a just debt. Transactions of this kind, where they are honestly entered into, have always been regarded in a favorable light by the courts of this State, as being in the protection of the interests of married women. C. C., article 2421; 16 L. 1; 5 An. 631; 7 An. 343; 12 An. 889. We think the judgment erroneous.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the plaintiff, that the injunction be perpetuated. The defendants and appellees paying all costs of suit.

Rehearing refused.