## No. 3230.—CARL KOHN v. T. G. DAVIDSON.

A motion to dismiss the appeal for informalities in the appeal bond, comes too late if not made within three judicial days from the filing of the transcript.

A document or paper shown to be partly written by the maker of a promissory note, in which a proposition is made to compromise the note by selling and making title to a tract of land in payment thereof, must be held as renouncing prescription by the maker of the note.

APPEAL from the Sixth Judicial District Court, parish of Livingston. *Ellis, J. Clarke, Bayne & Renshaw,* for plaintiff and appellant. *T. & J. Ellis,* for defendant and appellee.

HOWE, J. The motion to dismiss in this case for informalities in the appeal bond comes too late, not having been filed within the three days prescribed by law.

Plaintiff sues upon a promissory note for $3000, due October 8, 1861. Citation was served in 1870. The plaintiff, on the trial to rebut the plea of prescription, offered a document, "A," which commenced with a copy in full of the note, and continued as follows:

"MR. CARL KOHN—The original of the above note has been presented to me for payment by your attorney at law, George H. Penn. *I acknowledge the debt to be due and owing, and will pay;* at the same time I am entitled to a credit of $1500 on the note, which I paid to Mr. John Slidell while he held it, and for which he gave me a receipt, but which receipt was destroyed when my dwelling was burned down during the war. I am anxious to pay this debt, and am now willing to sell and convey to you a certain parcel of land lying and being situate in the parish of Livingston and State of Louisiana, described as follows: * * * in full satisfaction of the same. If you accept this proposition, inform me, and I am ready to pass you a notarial, guaranteed and unencumbered title to said land, *being three hundred*

*and twenty acres best cotton land* on the Amite river, known as the Indian tract, on account of the richness of the soil in this neighborhood. Full crops of cotton have been made this year, being three miles from the late residence of                    T. G. DAVIDSON.
October 24, 1866."

The defendant, in turn, testified to this paper, as follows:

"Mr. Penn, immediately after the surrender, at the first term of court here, presented me a petition with the original note now sued on, offering to give me one, two and three years to pay it, or any time I wanted, which I refused. I then offered, by way of compromise, to give three hundred and twenty acres of land on the Amite river to pay the debt. He drew up document A, and asked me to sign it. I refused to sign as drawn up, but made a memorandum at the bottom, *which I signed,* explaining what I was willing to do. The only part of document A executed between me and Mr. Penn was the memorandum describing the land, from the seventh line from the bottom down. In signing the lower portion of the document, it was not my intention to sign or agree to anything except what I wrote there myself. It was only intended as a memorandum to Mr. Penn, to show that which I was willing to do. Made no recognition or acknowledgment of the debt whatever only by the way of compromise, nor no promise to pay in any other way."

The original document is attached to the record. It is written quite continuously (except a blank for description of land) on one side of a half sheet of cap paper. The portion admitted to be written and signed by defendant begins with the words, "being three hundred and twenty acres best cotton land," etc , near the end of the document. It is in direct and close continuation of the sentence lastly written by Mr. Penn. It does not commence with a capital letter, nor on a new line. It refers grammatically to the previous portion of the sentence, and logically to all that precedes it in the paper, which it explains and completes. The defendant admits that he signed it, and we must conclude that he thus assented to the recitals of the entire document.

The bills of exceptions do not require consideration.

Prescription being the only defense, and being clearly renounced, it is ordered that the judgment appealed from be reversed, and that the plaintiff, Carl Kohn, have judgment against the defendant, T. G. Davidson, for the sum of $3000, with interest at eight per cent. per annum from October 5, 1860, and costs.

---

### ON REHEARING.

HOWE, J. Through inadvertence we passed upon the merits of this case, which had not been passed on in the court below. Our judg-

ment should be limited to overruling the plea of prescription, in regard to which, and the facts by which it is shown that prescription had been renounced, our opinion is unchanged.

It is therefore ordered (our former decree being set aside) that the judgment of the lower court be avoided and reversed; that the plea of prescription filed by defendant be overruled, and that this cause be remanded to the lower court to be proceeded with according to law; the defendant to pay costs of appeal.