## No. 12,091.

### JOHN E. NAGHTEN VS. HIS WIFE.

A motion to dismiss, on the ground of imperfections in the order and bond of appeal must be filed within three judicial days after the transcript has been filed; but when the transcript shows that an amuont is involved which is below the lower limit of our jurisdiction, it is our plain duty to dismiss the appeal *ex proprio motu.*

| 48 | 799 |
| 104 | 649 |
| 48 | 799 |
| 113 | 773 |
| 48 | 799 |
| 116 | 44 |
| 48 | 799 |
| f122 | 313 |

APPEAL from the Civil District Court for the Parish of Orleans. *Théard, J.*

---

*Dinkelspiel & Hart* for Plaintiff, Defendant in Rule, Appellant.

---

*W. S. Benedict* for Defendant, Plaintiff in Rule for Alimony, Appellee.

Submitted on briefs April 9, 1896.
Opinion handed down April 20, 1896.

---

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

WATKINS, J.   Counsel for the defendant as appellee moves for the dismissal of the plaintiff's appeal, on the ground that the bond for a *suspensive* appeal was not filed within the delay required by law—there being no order, in the alternative, for a devolutive appeal.

The suit is one of divorce, and plaintiff is appellant from an interlocutory decree making defendant's rule for alimony absolute.   It was signed on the 10th of January, 1896, and the order of appeal was granted on the 25th of February. 1896—the appeal bond being filed on the 27th of that month.

The order of appeal is couched in the following language, to-wit:

" It is ordered by the court that a suspensive appeal from said judgment be allowed to mover, returnable to the Honorable the Supreme Court,   *   *   *   on the first Monday of March, 1896, upon his furnishing bond in the sum of one thousand dollars, conditioned according to law."

Counsel for appellant attracts our attention to the fact that, as appellee's motion to dismiss his appeal is grounded upon an alleged informality of the order of appeal, mainly, it should have been filed in this court within three judicial days after the transcript was filed; and that the transcript was filed on the 9th of March, 1896, and the motion to dismiss was only filed on the 31st of that month, it came too late—citing Webb vs. Keller, 39 An. 35, and authorities therein referred to.

In O'Reilly vs. McLeod, 2 An. 138, the court said:

"A motion is made to dismiss, on the ground of informality in the order of appeal, and the appeal bond.   It comes too late.   It should have been made within three days after the record was filed.   *Murray* vs. Bacon, 7 N. S. 271;  Hall vs. Nevill, 3 An. 326;  Mitchell vs. Lay, 4 An. 514;  Temple vs. Marshall, 11 An. 613;  Creevy vs. Breedlove, 12 An. 745;  Dumonchel vs. Lenerick, 21 An. 20;  Murrison vs. Seiler, 22 An. 327;  Kohn vs. Davidson, 23 An. 467.

And there are many other cases of like import.   *Vide* C. P. 886. (Garland) and authorities.

It is evident that appellee's motion came too late; it must, therefore, be denied.

But there is another ground on which we feel compelled to dismiss the appeal *ex proprio motu;* and it is because the amount in dispute is below the lower limit of this court's jurisdiction.

Plaintiff's petition was filed on the 7th of September, 1895, and in the respondent's answer she demands an allowance as alimony at the rate of one hundred dollars per month to date from the time of the institution of this suit; and upon the trial of defendant's rule for alimony *pendente lite,* the judge *a quo* gave her judgment for thirty-five dollars per month from January 21, 1896, his decree bearing date from January 14, 1896.

It is thus evident that, at the date plaintiff obtained his order of appeal, less than one hundred dollars was recoverable thereunder; and, that as the amount can not be increased, in the absence of an answer and prayer for an amendment of the judgment appealed from, this court has no appellate jurisdiction.

The question was decided and definitely settled in Imhof vs. Imhof, 47 An. 706; and we feel bound to maintain the ground of our decision, and dismiss the appeal *ex proprio motu,* this cause having been submitted upon the plaintiff's motion to dismiss, and upon the merits, thus enabling us to examine the transcript.

Appeal dismissed.