(37 South. 540.)

No. 15,269.

SAXON v. SOUTHWESTERN BRICK & TILE MFG. CO., Limited.

(June 20, 1904. On the Merits, Nov. 21, 1904.)

APPEAL — DISMISSAL — CORPORATIONS — RECEIVER — APPOINTMENT — PLEADING.

1. Motion to dismiss comes too late if filed more than three days after the filing of the transcript.

On the Merits.

2. Under paragraph 8, § 1, Act No. 159, p. 313, Acts 1898, providing for the appointment of receivers over corporations, the plaintiff should set forth his demand as in ordinary suits. A mere allegation that petitioner is a "creditor" is not sufficient. The appointment of a receiver is ancillary to the suit.

3. Under said paragraph, the resolution of the board of directors furnishes evidence that the corporation "is unable to meet its obligations as they mature, and that a receiver is necessary to preserve and administer its assets for the benefit of all concerned." A resolution that "a receiver be appointed" does not conform to the requirements of the statute.

4. The president of a corporation has no authority, as such, to consent to the appointment of a receiver, and to waive legal notices and delays.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Walter L. Saxon against the Southwestern Brick & Tile Manufacturing Company, Limited. From an order appointing a receiver, Francis Bruseau and T. H. Bradley, interveners, appeal. Reversed.

Edmund Castlereagh Kelly, for appellants. Charles F. Fletchinger, for appellee Saxon. Lyle Saxon, for appellee Southwestern Brick & Tile Mfg. Co. Fred. C. Marx, for appellee Stewart.

PROVOSTY, J. This is an appeal from an order appointing a receiver. The appellants aver themselves to be stockholders and creditors of the defendant corporation.

The transcript was filed in this court on May 23, 1904. On May 26th all parties to the appeal joined in a motion to place the case on the preference docket. On May 27th a motion to dismiss was filed, based on the alleged ground that one of the appellants was estopped from appealing, he having acquiesced in the resolution of the board of directors of the defendant corporation for the placing of the company in the hands of a receiver, and that the other appellant should not be considered a party to the appeal, because he has failed to make the affidavit required by section 4, Act No. 159, p. 314, Acts 1898, to be made in such cases. On the 31st of May an additional motion to dismiss was filed, on the ground that no appeal lies from an order appointing a receiver in a case of this character, as the proper remedy is by petition to vacate the appointment of the receiver; and on the further ground that the motion for the appeal does not disclose wherein appellants are aggrieved by the order appealed from.

These motions to dismiss were filed more than three days after the filing of the transcript, and therefore too late. Code Prac. art. 886; Webb v. Keller, 39 La. Ann. 55, 1 South. 423; Holbrook v. Holbrook, 32 La. Ann. 13; De St. Romes v. Press Co., 31 La. Ann. 224; Bienvenu v. Ins. Co., 33 La. Ann. 209; West v. Davis, 34 La. Ann. 357.

Furthermore, motion to dismiss will not lie when appellee has fixed the case for trial. Creevy v. Breedlove, 12 La. Ann. 745; Golden v. Board, 34 La. Ann. 354.

The motion to dismiss is denied.

On the Merits.

LAND, J. This is an appeal taken by third parties from an order or decree appointing Henry G. Stewart as receiver of the defend-

ant corporation under the provisions of Act No. 159, p. 312, Acts 1898.

Such an appeal is warranted by section 4 of said act on the motion of "any person or persons who by affidavit appear to be interested," and is triable "on the face of the record."

The appellants are Francis Bruseau, a stockholder and director, also secretary and treasurer, of said company, and T. H. Bradley, a stockholder. The affidavit was made by Bruseau alone.

A motion to dismiss the appeal was filed by the appellees, and was overruled by this court as coming too late. This motion cannot be renewed in the answer to the appeal.

On May 4, 1904, Walter L. Saxon presented his petition verified by his oath, to the civil district, representing that he was a creditor of defendant corporation, that the affairs of said company were involved, that it was insolvent, and could not meet its obligations. The petition further represented that the board of directors of said corporation had adopted a resolution declaring that the company was unable to meet its obligations, and that the appointment of a receiver was necessary to preserve and administer its assets, as would appear by reference to a duly certified copy of the said resolution, which was annexed to and made part of the petition. Plaintiff further represented that he recommended and desired the appointment of Henry G. Stewart as receiver, and that the total assets of the corporation were worth about $15,000.

"Wherefore, the premises, annexed affidavit, and consent considered," plaintiff prayed that said Stewart be appointed receiver, etc.

The resolution annexed to the petition, omitting the caption, reads as follows:

"Be it resolved that owing to the financial condition of the corporation, being unable to meet its obligation, that a receiver be appointed to take charge of its affairs and administer same according to law."

The consent referred to in the petition, omitting the caption, reads as follows, viz.:

"To the Honorable the Civil District Court in and for the Parish of Orleans, State of Louisiana: And now into this honorable court, in propria persona, comes Lyle Saxon, president of the Southwestern Brick and Tile Manufacturing Company, Limited, defendant herein, and by virtue of the resolution adopted by the board of directors of said company on the second day of May, in the year 1904, a duly authenticated copy of which is annexed to the petition in the case, joins in the prayer of the said petition.

"Wherefore appearer prays that judgment be rendered as prayed for in said petition, and for general and equitable relief.

"[Signed]      Lyle Saxon, Respondent."

The judge thereupon ordered that Henry G. Stewart be appointed receiver as prayed for, and that letters issue to him on his giving bond with good security in the sum of five thousand ($5,000) dollars, etc.

This judgment was based, as therein recited, on said resolution of the board of directors, the written consent of the president of the corporation, the allegations of the petition, which were sworn to, and the law and the evidence.

Stewart on the same day qualified as receiver, and letters issued to him as such.

The property of the corporation was inventoried and appraised pursuant to the order of the court, and the receiver was authorized to borrow three hundred ($300) dollars to pay for feed of mules and expenses for keeping the property.

The receiver was appointed on May 4, 1904, and on May 15, 1904, the present appeal was taken.

The petition is fatally defective, as it does not allege the amount and nature of plaintiff's demand, but merely that he is a creditor, and there is no prayer for judgment in favor of plaintiff. The appointment of a receiver is an ancillary proceeding based on the pendency of a suit in which the plaintiff prays for judgment against the defendant.

It is further contended by counsel for appellants that the resolution annexed to the

petition is insufficient in law to authorize the appointment of a receiver under the provisions of paragraph 8, § 1, Act No. 159, p. 313, Acts 1898, which reads as follows, viz.:

"At the instance of a creditor when the board of directors of the corporation shall have declared by resolution that the corporation is unable to meet its obligations as they mature and that a receiver is necessary to preserve and administer its assets for the benefit of all concerned."

This section contemplates that the proof of the financial inability of the corporation to meet its obligations, and of the necessity for the appointment of a receiver, shall be furnished by declaration of the board of directors, embodied in a resolution adopted by such body. In the case at bar the resolution sufficiently expresses the financial inability of the corporation "to meet its obligations," which includes all debts due and to become due, but the same resolution does not declare that a receiver is necessary to "preserve and administer" the assets.

Instead of making such a declaration, the board of directors resolved "that a receiver be appointed." The board, of course, had no authority to appoint a receiver, or to direct such appointment by the court.

Does the resolution in question conform to the requirements of paragraph 8, § 1, Act No. 159, p. 313, Acts 1898, already quoted?

It certainly does not in words, or in terms that are equivalent.

The statute requires a positive declaration that a receiver is necessary for certain purposes, while the resolution contains nothing more than a direction that a receiver be appointed.

Paragraph 8, § 1, does not necessarily imply the insolvency of the corporation, nor does it authorize the appointment of a receiver when the corporation is unable to

113 LA.—21

meet its obligations as they mature. Such may be its condition; yet it may be solvent, and able to settle its affairs without the intervention of the court. In such cases, the law does not provide for the appointment of receivers until the board of directors declares by formal resolution that such appointment is necessary to preserve and administer the assets for the benefit of all concerned.

The statute does not say that in such cases a receiver shall be appointed if the board of directors so wills or directs.

The resolution required by statute takes the place of other evidence of the necessity for the appointment of a receiver.

Hence, if the resolution offered in evidence does not contain the statutory declaration or its equivalent, there is no proof before the court warranting the appointment of such officer. Such statutes should be strictly construed. High on Receivers (3d Ed.) p. 250.

The record discloses no authority in the president to consent to the appointment of a receiver, and he had none ex officio. See 23 Am. & Eng. Enc. Law (2d Ed.) 1022. There was no citation to the corporation, and, if the president was without authority, the proceedings were ex parte.

We are constrained for the foregoing reasons to reverse the judgment, and deem it unnecessary to decide other questions raised by counsel for appellants, but will remark that the rules of procedure provided by the statute should be observed in all cases.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this cause be remanded with leave to amend, and for further proceedings according to law; appellees to pay costs of appeal.