LAND, J.
Mrs. Bradshaw, widow of James Bradshaw, and tutrix of their minor children, sued C. F. Knoll, individually, and the C. F. Knoll Planting & Manufacturing Company for $63,000 damages for the breach of an alleged verbal contract of employment entered. *832 into between the said Bradshaw and the said Knoll, and subsequently ratified by said company, for organizing, promoting, and financing said corporation. The petition alleged that the said Bradshaw was to receive for his services $5,000 in bonds and $20,000 in capital stock. On the theory that the breach of the contract caused Bradshaw’s death after much mental pain and suffering, plaintiffs claimed $35,000 damages and $3,-000 as attorney fees.
Defendant Knoll for answer denied any indebtedness to the plaintiffs, and set up the contract of employment from his point of view. Knoll further averred that Bradshaw had utterly failed to carry out his part of the contract, and that said Bradshaw was indebted to said Knoll in the sum of $6,000 for money advanced and loaned to said Bradshaw. Knoll prayed for judgment in reconvention against plaintiffs for said amount.
The defendant company pleaded the general -issue, with a special denial that Knoll, as its president, ever entered into the alleged contract or any other with Bradshaw, and averred that the said corporation was not formed at the time of said pretended contract.
There was judgment in the court below in favor of the plaintiffs and against the defendant company for $14,000, with legal interest from judicial demand and costs. The judge a quo found that the plaintiffs had sustained their demand to the extent of $20,-000 and that Knoll had sustained his reconventional demand to the extent of $6,000, and rendered judgment in favor of the plaintiffs for the difference.
The defendant company has appealed.
On Motion to Dismiss.
Plaintiffs and appellees have filed a motion to dismiss the appeal on the following grounds:
(1)That the appellant company has acquiesced in the judgment.
(2) That there is no proper appellant before this court. That the corporation has become nonexistent, by reason of judicial sales of all of its assets, and the failure or refusal of its officers to perform their functions under the charter.
(3) That the appeal bond is defective.
The appellant company replied by answer, verified by oath of its president, denying certain allegations of fact set forth in the motion and averring other facts, and excepted to the motion on the ground that it disclosed no legal cause for the dismissal of the appeal.
There is no evidence supporting the charge of acquiescence in the judgment.
The charge that the defendant company “is no longer a de facto existing corporation” is not sustained by the facts stated in the motion to dismiss, which do not disclose that the corporation has been dissolved by the expiration or forfeiture of its charter. The record shows that the corporation took an appeal from the judgment below and perfected the appeal by giving bond, and is prosecuting the appeal before this court With the corporation before us, through its president and its counsel, resisting the motion to dismiss, it would require very conclusive record evidence to convince us that the corporation has no legal existence.
[1] “Actions do not abate by the death of one of the parties after answer filed.” Code of Practice, art. 21. This rule has been applied to a defunct corporation. In Tanneret v. Merchants’ Mutual Ins. Co., 32 La. Ann. 663, it was held that the appeal taken by the defendant company would not be dismissed on the ground that it Had become a defunct corporation, but that the representative or representatives of the corporation should be made parties. In such a case as is disclosed in the motion to dismiss, a receiver could be appointed under Act 159 of 1898.
[2] The supplemental motion to dismiss for alleged defects in the appeal bond was not *834 filed within three days after the filing of the transcript, and therefore came too late. Code of Practice, art. 886.