184 So. 745

**ESPARROS v. VICKNAIR et al.**

**No. 35037.**

Oct. 31, 1938.

Lubin F. Laurent, of New Orleans, for appellants.

Arthur de la Houssaye and Malcolm L. de la Houssaye, both of New Orleans, for appellee.

FOURNET, Justice.

This is a petitory action and is now before us for consideration of a motion to dismiss the suspensive appeal on the ground that the trial judge granted a suspensive appeal without fixing the amount of the bond. Defendants-Appellants resist the motion to dismiss their suspensive appeal, in their answer to the motion and in their brief in support thereof, on the ground that the motion was filed more than three days after the filing of the transcript in this court and therefore came too late.

On March 24, 1938, from a judgment of the lower court signed on March 17, 1938, defendants were granted an order of a devolutive and a suspensive appeal " * * * upon movers furnishing Bond, with good and solvent security in the sum of One Hundred ($100.00) Dollars, in the Devolutive Appeal and according to law in the suspensive appeal." On March 26, 1938, they furnished bond for $100, conditioned that the defendants "* * * shall prosecute a Suspensive and/or a devolutive Appeal."

Subsequently, on April 29, 1938, upon motion of counsel for the plaintiff, a rule was taken against the defendants to show cause why the suspensive appeal granted in this case should not be recalled and dismissed. This rule was made returnable on May 2, 1938. After trial of the rule, by

judgment dated June 17, 1938, the district judge overruled the motion and refused to dismiss the suspensive appeal, but did amend his original order granting a suspensive appeal by fixing the bond in the sum of $100 for a suspensive appeal, from which judgment the plaintiff neither appealed nor applied to this court for writs. Appellants, on the following day, in accordance with the order, furnished another bond for $100.

The return day of the appeal was extended from May 2, 1938, to August 5, 1938, by successive orders of this court on May 2, 1938, June 1, 1938, and July 5, 1938. The transcript was filed with this court on the return day as extended by this court, August 5, 1938. More than three days thereafter, on August 10, 1938, plaintiff and appellee filed a motion to dismiss the suspensive appeal.

█ It is the accepted rule and jurisprudence of this court that a motion to dismiss an appeal on account of any defect, error, or irregularity in the order of appeal, or in the appeal bond, which is not jurisdictional and which does not strike at the foundation of the right of appeal, must be filed within three days after the return day. O'Reilly v. McLeod, 2 La.Ann. 138; Hall v. Nevill, 3 La.Ann. 326; Mitchell v. Lay, 4 La.Ann. 514; Boykin v. O'Hara, 6 La.Ann. 115; Naghten v. His Wife, 48 La.Ann. 799, 19 So. 762; Creevy v. Breedlove, 12 La.Ann. 745; Dumonchel's Widow v. Lemerick, 21 La.Ann. 30; Murrison v. C. Seiler & Co., 22 La.Ann. 327; Kohn v. Davidson, 23 La.Ann. 467; Long v. Kee, 44 La.Ann. 309, 10 So.

854; Saxon v. Southwestern Brick & Tile Manufacturing Co., 113 La. 637, 37 So. 540; Bradshaw v. Knoll, 132 La. 829, 61 So. 839. Furthermore, under the express provisions of the Code of Practice and the Revised Statutes of this state, no appeal shall be dismissed for any error or defect in the order of appeal when it shall appear that such error was not imputable to the appellant. Article 898, Code of Practice; Act No. 53 of 1839; Section 36 Revised Statutes of 1870; Section 11 of Act No. 45 of the Extra Session of 1870. See, also, Act No. 112 of 1916.

In effect this is a prescriptive period within which the appellee must act or he will be presumed to have waived such defect, error, or irregularity as may appear in the order of appeal, or in the appeal bond, that is not jurisdictional and that do not strike at the very foundation of the appeal. We think this is in keeping with the policy of the law to give the litigant who has had a judgment rendered against him the right to have the same reviewed by the proper appellate court and to do away with technicalities by which a litigant may lose his substantial right of appeal. Moreover, it has not been shown that the error complained of in the motion to dismiss is imputable to appellant.

But counsel for appellee, in a supplemental brief, contends that he had "three judicial days" within which to file the motion to dismiss, which did not begin to run until this court convened on October 3, 1938, and consequently the motion to dismiss was timely filed.

We have reviewed the several cases cited by counsel in support of his contention, but we do not find that the point raised here was at issue in either of these cases and they are, therefore, not controlling. We think the court, in using the phrase "three judicial days," meant three days exclusive of Sundays and legal holidays.

In the case of Gilmore v. Brenham, 1 La.Ann. 414, it was stated, almost a century ago, that "* * * this court is one of last resort, and affords to litigants, except in a very limited class of cases, the last and only opportunity for relief from the decrees of the courts of inferior jurisdiction, and as the legislature by the act of 1839 [Act 53 of 1839, now Section 36 of the Revised Statutes of 1870—see Section 11 of Act 45 of the Extra Session of 1870] has manifested a like liberal policy, we will always expect an appellee who moves for the dismissal of an appeal to bring himself clearly within the legal rules with regard to dismissal, which in cases of doubt we shall deem it our duty to interpret liberally in favor of the appellant." (Brackets ours.)

We are therefore of the opinion that the error in the order of appeal, according to the record, was not attributable to the appellant and is such a defect or error that the appellee will be presumed to have waived unless such error or irregularity is urged by him in a motion to dismiss the appeal timely filed, within three days after the transcript of appeal is lodged in this court.

For the reasons assigned the motion is denied.