FOURNET, Justice.
Plaintiffs instituted this suit to set aside the judgment placing the residuary legatee in possession of the property of the late Henry Uthoff on the ground that the legatee failed to make any provision for the satisfaction of their unliquidated claims against Uthoff’s succession which are in litigation.
The defendant filed a.number of exceptions, the only ones which did not pass out of the case in the lower court being those of lis pendens and of no cause and no right of action. From the judgment of the lower court maintaining the plea of lis pendens, and dismissing their suit, the plaintiffs have appealed.
After the appeal was lodged here, the defendant-appellee filed a motion to have the same dismissed on several grounds which, from her brief, are found to be substantially as follows: (1) That all of the parties in interest are not before the court, the motion for appeal having been made by Mrs. Charles J. - Uthoff and Charles J. Uthoff, *895 Jr., only, although the suit was filed by Mrs. Charles J. Uthoff individually and as tutrix of the minor Marian R. Uthoff and Charles J. Uthoff, Jr., and judgment rendered against all three; (2) that the appeal is from a judgment not to be found in the record since it is averred in the motion that the appeal is being taken from a judgment rendered on April 19, 1940, and signed on April 25, 1940, whereas the only judgment rendered on April 19, 1940, was signed on April 30, 1940; (3) that the suspensive appeal was made returnable to the Supreme Court in spite of the fact that the plaintiffs moved for an appeal to the Court of Appeal for Orleans Parish; (4) that the bond is defective and not binding on the surety because although it is declared to be executed in pursuance to a devolutive appeal taken by the plaintiffs from a final judgment it is impossible to determine which of three separate judgments found in the record it is intended to cover; it is not dated; it is not signed; and the name of Charles J. Uthoff does not carry with it the “Jr.” found in the motion for the appeal and the order granting a suspensive appeal; (5) that the record fails to show what interest, if any, the appellants have in Uthoff’s succession, whether as heirs, creditors, or otherwise.
On the Motion to Dismiss.
Appellee has cited no authority, and we know of none, supporting her contention that an appeal must be dismissed when any of several parties whose suit has been dismissed fails to perfect the appeal.
A mere reading of the second and third reasons assigned as grounds for the dismissal of the appeal clearly shows they are errors or irregularities in the motion and order of appeal which appellee is presumed to have waived when she failed to file her motion within three days after the transcript of the appeal was lodged in this court. O’Reilly v. McLeod, 2 La.Ann. 138; Hall v. Nevill, 3 La.Ann. 326; Mitchell v. Lay, 4 La.Ann. 514; Boykin v. O’Hara, 6 La.Ann. 115; Creevy v. Breedlove, 12 La. Ann. 745; Dumonchel’s Widow v. Lemericlc, 21 La.Ann. 30; Long v. Kee, 44 La. Ann. 309, 10 So. 854; Naghten v. Wife, 48 La.Ann. 799, 19 So. 762; Saxon v. Southwestern Brick & Tile Mfg. Co., 113 La. 637, 37 So. 540; Bradshaw v. Knoll, 132 La. 829, 61 So. 839; and Esparros v. Vicknair, 191 La. 193, 184 So. 745.
The fourth ground urged for the dismissal of the appeal is also without merit. The record shows the bond is signed on its face by Mrs. Charles J. Uthoff individually and as tutrix; also by Charles J. Uthoff. It is signed by the surety in an affidavit. Furthermore, Act No. 112 of 1916 provides in Section 9 that “no appeal shall be dismissed * * * on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety, or sureties, on said bond, until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished, supplemental or additional bond, or surety or sureties, as hereinabove provided.” Section 3 of the Act, as amended by Act No. 284 of 1928, designated the procedure which must be followed by the one contesting an appeal bond, and provides *897 further that "should any bond be declared invalid for any reason whatsoever, the party furnishing such bond shall have the right, within four judicial days thereafter, to furnish a new bond * * (Italics ours.) See Irish Levy Electric Co. v. Moss, 176 La. 882, 147 So. 22; Harnischfeger Sales Corp. v. Sternberg Co., 177 La. 373, 148 So. 440; Hammond State Bank & Trust Co. v. Hammond Box & Veneer Co., 177 La. 849, 149 So. 498; and Paramount Wood Products Co. v. Colonial Fire Underwriters, 180 La. 886, 158 So. 7.
Whether or not the record fails to show appellants have an interest in the succession of Henry Uthoff is a matter that must be referred to the merits of the case and cannot be considered in the motion to dismiss the appeal.
For these reasons the motion to dismiss is overruled.