Plaintiff-appellee moved to dismiss defendant's suspensive appeal. The motion and order for the appeal were timely, but we are urged to dismiss the appeal because the bond was filed after the time allowed by law for the perfection of the suspensive appeal.
The motion to dismiss cannot avail, as it was not filed within three judicial days after the transcript was lodged with us. Code Prac. art. 886. It is well settled that where the appeal bond is not timely filed, or even where there is no appeal bond furnished, such informality or irregularity, to afford a ground for dismissal of the appeal, must be taken advantage of by the appellee within three judicial days from the filing of the transcript. Hall v. Nevill, 3 La. Ann. 326; State v. Callac, 45 La. Ann. 27, 12 So. 119; DeBautte v. Weil Brothers Co., 12 Orleans App. 107; Greco v. Millano, 13 Orleans App. 134; Powell v. Christina, 7 La. App. 651; Bordes v. Bank of St. Bernard, 141 La. 144, 74 So. 884, 885. In the Bordes case the Supreme Court said: "We learn from the brief that the first of these grounds of dismissal is based upon the fact that the bond of appeal was filed more than 12 months, after the date of the judgment. * * * But we will add that even if well pleaded they could not avail, as they are based on mere irregularities which in order to serve for the dismissal of an appeal would have had to have been called to the attention of the court within 3 days from the filing of the transcript; and the motion to dismiss in this case was not filed within that time. Coreil v. Town of Welsh, 120 La. [557], 558, 45 So. 438; Barton v. Burbank, 119 La. [224], 227, 43 So. 1014."
The motion to dismiss the appeal is denied.
Motion denied.