HAWTHORNE, Justice.
The judgment from which this appeal was taken was signed on July 8, 1949. On July 11, on motion of appellant the lower court granted orders of suspensive and devolutive appeal, fixing the bond for each appeal in the sum of $100. On July 21, more than 10 days after the date of the judgment, appellant filed a bond in the sum of $100 for the suspensive appeal and a separate bond in the same amount for the devolutive appeal. The return day was extended by this court to February 8, 1950, and the transcript was filed in this court on that day. On March 9 thereafter, appellee filed in this court a motion to dismiss the appeal on the ground that the suspensive appeal was not taken within 10 days as required 'by Article 575 of the Code of Practice and for this reason should he dismissed, and, further, that appellant is entitled to only one appeal and,, having failed to perfect the suspensive appeal, is not entitled to a devolutive appeal and that for this reason both the suspensive and the devolutive appeals should be dismissed.
Defendant-appellant resists the motion to dismiss the appeal on the ground that this motion was filed more than three days after the return day and the filing of the transcript in this court, the motion to dismiss having been filed approximately 30' days after the return day.
In the case of Esparros v. Vicknair et al., 191 La. 193, 184 So. 745, a petitory action, the trial court granted suspensive and devolutive appeals, setting the bond at $100 for the devolutive appeal and “according to law” for the suspensive appeal. *225 Within 10 days from rendition of judgment an appeal bond was furnished in the amount set for the devolutive appeal. About a month later a rule was taken in the trial court against the appellants to show cause why the suspensive appeal should not be dismissed. That court refused to recall the suspensive appeal, but modified its original order of appeal by fixing the appeal bond for the suspensive appeal at $100. On the day following modification of the order the appellants furnished another bond in the amount of $100. In this court the appellee moved to dismiss the appeal on the ground that no bond had been fixed for a suspensive appeal. The appellants opposed the motion on the ground that it was filed too late. This court denied the motion to dismiss the appeal, saying:
“It is the accepted rule and jurisprudence of this court that a motion to dismiss an appeal on account of any defect, error, or irregularity in the order of appeal, or in the appeal bond, which is hot jurisdictional and which does not strike at the foundation of the right of appeal, must be filed within three days after the return day. O’Reilly v. McLeod, 2 La.Ann. 138; Hall v. Nevill, 3 La.Ann. 326; Mitchell v. Lay, 4 La.Ann. 514; Boykin v. O’Hara, 6 La.Ann. 115; Naghten v. Wife, 48 La. Ann. 799, 19 So. 762; Creevy v. Breedlove, 12 La.Ann. 745; Dumonchel’s Widow v. Lemerick, 21 La.Ann. 30; Murrison v. C. Seiler & Co., 22 La.Ann. 327; Kohn v. Davidson, 23 La.Ann. 467; Long v. Kee, 44 La.Ann. 309, 10 So. 854; Saxon v. Southwestern Brick & Tile Manufacturing Co., 113 La. 637, 37 So. 540; Bradshaw v. Knoll, 132 La. 829, 61 So. 839. * * * ”
See also Sammons v. New Orleans Ry. & Light Co., 143 La. 731, 79 So. 320; Haddad v. Commercial Motor Truck Co., 150 La. 327, 90 So. 666; D’Angelo v. Nicolosi et al., 188 La. 326, 177 So. 64; Walker v. Mansfield Hardwood Lumber Co., La.App., 35 So.2d 610.
In Cigali v. Kaplan, La.App., 34 So.2d 924, the Court of Appeal for the Parish of Orleans had before it the identical question of law that we have in the instant case. In that case the motion and order for the suspensive appeal were timely, but that court was urged to dismiss the appeal because the bond was filed after the time allowed by law for the perfection of the suspensive appeal. In the course of the opinion that court said:
“The motion to dismiss cannot avail, as it was not filed within three judicial days after the transcript' was lodged with us. Code Prac. art. 886. It is well settled that where the appeal bond is not timely filed, * * * such informality or irregularity, to afford a ground for dismissal of the appeal, must be taken advantage of by the appellee within three judicial days from the filing of the transcript. * * * ”
It will be noted that in the language quoted from the Kaplan case, supra, *227 the Court of Appeal used the expression “within three judicial days from the filing of the transcript”. This expression is inaccurate in two respects. First, it is now well settled that a motion to dismiss on account of any defect, error, or irregularity in the order of appeal or in the appeal bond must be filed within three days after the return day — that is, within three days after the time allowed for the appellant to file the transcript — , and that the delay is not affected by the filing of the transcript before the return day. See Code of Practice, Article 589; State ex rel. Continental Supply Co. v. Fontenot, 152 La. 912, 94 So. 441; Folse v. Dale et al., 194 La. 180, 193 So. 581; Tyler v. Phillips et al., 18 La.App. 654, 139 So. 35. Second, the three days allowed are not judicial days, but are legal days, days exclusive of Sundays and legal holidays. See Esparros v. Vicknair et al., supra.
In the instant case the motion to dismiss does not strike at the foundation of the right of appeal or the jurisdiction of this court. The reasons advanced for the dismissal are irregularities, which, in order to serve for the dismissal of the appeal, should have been urged in a motion filed within three days after the return day. Since appellee failed to file the motion within this period, it came too late.
For the reasons assigned, the motion to dismiss is denied; costs of this proceeding to be paid by appellee.