MONROE, J.
[1, 2] The defendant herein, Mrs. Bradshaw, individually and as tutrix, obtained a judgment for $14,000 against the C. F. Knoll Planting & Manufacturing Company, by virtue of which she at once caused to be seized, under execution, certain third sugars and certain molasses, remaining from the operations of that company during the year 1911, and thereafter the company appealed devolutively from the judgment so rendered and lodged the appeal in this court. In the meanwhile the plaintiff herein intervened in the seizure, alleging that the Knoll Company owed it a large amount of money, and that it had a privilege and right of pledge, securing the same, upon the seized property; and the issue so presented was duly litigated between the three parties to the suit, with the result that there was a judgment awarding the proceeds of the property (save a small amount allowed the intervener) to Mrs. Bradshaw, and from the judgment so rendered the intervener, plaintiff herein, has brought up the appeal which we are now considering; the intervention having apparently been dealt with as a separate proceeding and given a title and number different from the title and number of the main suit. The two matters were argued in this court at the same time, and a judgment has been rendered in the main suit, and is now final, rejecting the demands of the plaintiff therein (defendant here), from which it follows that she is, in effect, eliminated from this proceeding, since, having no judgment and no claim against the Knoll Company, or the property which was seized, she has no interest and no standing to contest intervener’s claims thereto. The other party, the Knoll Company, did not appeal from the judgment herein rendered by the district court; and, though it filed a general denial to the intervention, its former president and former bookkeeper appeared in that court only to admit the correctness of the account sued on by the intervener, and it has not appeared in this court, through counsel or otherwise.
The demands of the intervener are based upon the following transactions, viz.: It entered into a contract, by notarial act, in the usual form and duly recorded, of date January 31, 1911, whereby it agreed to make advances to the Knoll Company to the extent of $40,000, for the purposes of the crops to be made during that year upon the “Ellen Kay” and “Shirley” plantations, of which the company was the owner, for which advances, to be made from time to time, as required, the company executed its two notes of $20,000 each, and recognized the intervener’s privilege and right of pledge and pawn with respect to the crop, it being stipulated that the aggregate amount of the advances should not exceed that so agreed upon, with the further stipulation, however, that, should any advances be made in excess of that amount, they should be reimbursed from the first proceeds coming to hand, and that imputations of payment should first be made to all open accounts, at the option of the intervener, without prejudice to its “lien, privilege, pledge and *99 pawn.” Acting under the contract so made, the intervener credited the Knoll Company, in account current, with, the proceeds of the two $20,000 notes, with a balance standing to its credit upon the account of 1910, with the proceeds of a note of $4,000, discounted on August 29, 1911, and with the proceeds of the sales made during the year and up to January 19, 1912, of the sugar and molasses which had been shipped to it; the result being a balance of account of $12,430.-37 to the debit of the Knoll Company, with the notes mentioned wholly unpaid. In addition to which it appears that intervener paid for certain cane that was purchased and used by the Knoll Company during the year, and paid certain amounts due by that company to persons who worked in its sugar factory, the aggregate amount so paid being $3,480.53, with respect to which intervener was subrogated to the rights of the parties to whom the payments were made.
In the able brief filed in this court by the counsel representing Mrs. Bradshaw before it had been decided that their client has no claim against the Knoll Company, and hence no interest in the disposition which may be made of its assets, there are various contention's as to the rights of the intervener with respect to the property that was seized, but since the elimination of Mrs. Bradshaw, by reason of the decision referred to, there is no one before the court making such contentions ; the Knoll Company, the only other party to the litigation (save the intervener), having, as we have stated, put in no appearance, and its former officers or representatives having admitted in the district court the correctness of intervener’s account, including the imputations of payment. There can be no question that, as between the intervener and the Knoll Company, those imputations could have been made as they agreed that they should be made, and as, in fact, they were made, though it would be worse than futile for us to express any opinion at this time upon the question of the effect of such agreement and such imputations upon the rights of third persons who are not before us. As the matter stands, therefore, and according to the admissions and the uncontradicted evidence in the record, intervener has advanced a sum largely in excess of the amount for which the sugars seized in this case were sold, which sum was actually used in the making of the crops of 1911 upon the plantations of the Knoll Company, and according to the admissions of the Knoll Company (the only party now before the court having an interest to contest it) no part of that sum has been repaid. As to the status of the sugars in question, the following admission, participated in by all parties, appears upon the face of the record, to wit:
“It is admitted that the sugars seized and sold in this proceeding had previously been seized in the matter of W. D. Haas et al. v. C. F. Knoll Planting & Manufacturing Co., No.-of the docket of the district court of the parish of Rapides; that the said sugars, thus seized, were released upon a bond being furnished to the sheriff of the parish of Rapides by the J. B. Levert Company, Limited, claiming a privilege in the proceeding of the said W. IX Haas et al.; that the said sugars remained upon the property of the C. F. Knoll Planting & Manufacturing Company at all times, never having been removed by the sheriff under the seizure, and that the sugars thus released to the J. B. Levert Company, Limited, upon furnishing the forthcoming bond were upon the plantations of C. F. Knoll Planting & Manufacturing Company, where they were originally seized, and where the said sugars remained and were at the time seizure was made in the present proceeding, and where they continued to remain, after the seizure, in the custody, of the sheriff of Rapides, through a guardian regularly appointed; that the said sugars, when sold, were still on the property of C. F. Knoll Planting & Manufacturing Company; that at the time the sugars were seized in the matter of W. D. Haas & Company v. C. F. Knoll Planting & Manufacturing Company, and bonded by the J. B. Levert Company, Limited, and at the time they were seized under the writ of fieri facias issued in the suit of Mrs. Bradshaw v. C. F. Knoll Planting & Manufacturing Company, and at the time of the sale under this last writ, they were in tanks, and were not dried proper for shipment, and were only dried after the sale in the suit of Mrs. Bradshaw. It is further admitted that these sugars, seized un *101 der the writ issued in the present proceeding, were sold under said writ and adjudicated to the J. B. Levert Company, Limited, who paid the purchase price, $10,000, therefor to the sheriff, and took possession of the sugars and disposed of them after the said sale, adjudication, and delivery to him.”
The Knoll Company is raising no question as to the sugars thus referred to having been made exclusively from cane raised through the use of the money advanced by the intervener, or as to their having been manufactured, in part, from such cane and in part from cane obtained elsewhere; and as Mrs. Bradshaw has now no interest or standing to raise those questions we find no reason for considering them, or for considering the various other questions discussed in the brief of her counsel. Confining our rulings, therefore, to the parties before us and to the interests here represented, we hold that the proceeds of the sugars in question are subject to the lien and privilege asserted by the intervener.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that ' there now be judgment in favor of the J. B. Levert Company, Limited, intervener and plaintiff herein, and against the C. F. Knoll Planting & Manufacturing Company, in the sum of $59,910.90 — with interest at the rate of 8 per cent, per annum on $40,000 of said amount from January 31, 1911, until paid, on $4,000 of said amount from August 29, 1911, until paid, on $12,230.37 of said amount from February 6, 1912, until paid; with interest at the rate of 5 per cent, per annum on $3,480.37 of said amount from judicial demand until paid; and with 5 per cent, as attorney’s fees, on $56,430.37 of said amount It is further decreed that said J. B. Levert Company, Limited, be recognized as having a privilege and right of pledge upon, and to the full extent of, the $10,000 realized from the sale of the sugars and molasses seized in the suit of Mrs. Lee Porterfield Bradshaw v. C. F. Knoll Planting & Manufacturing Company, No. 2,031 of the docket of the Fourteenth judicial district court, parish of Avoyelles, superior to any right asserted by said Mrs. Bradshaw, and that said proceeds be paid over to it. It is further decreed that said C. F. Knoll Planting & Manufacturing Company and said Mrs. Lee Porterfield Bradshaw pay all costs.