Statement of the Case.
MONROE, C. J.
The titular plaintiff herein, as also Jos. T. Cañero, J. Pollock & Co., and W. D. Haas prosecute this appeal from a judgment dismissing a rule taken by them, requiring the sheriff and the J. B. Levert Company, Limited, to show cause why a certain sum of $10,000, alleged to be in the hands of the sheriff, should not be distributed as in concurso.
The circumstances leading to the judgment appealed from are as follows:
On February 1, 1912, W. D. Haas sued the- *1075 'C. P. Knoll Planting & Manufacturing Company for a balance alleged, to be due for sugar cane, and, asserting a privilege on third sugars, caused them to be sequestered. J. B. Levert Company, Limited, intervened in the .suit, claiming a balance due for advances to make the crop of the Knoll Company and a superior privilege, and obtained the release of the seized sugars on a bond of $40,000.
On February 17th J. B. Brunson instituted a suit similar to that of Haas, and sequestered the same sugars. In April following, J. B. Levert, on behalf of the Levert Company, and in order to avoid a contest between it and either of the litigants above named, as to the rank of their respective privileges, .agreed that he would pay the amount for which either of them should obtain judgment, with recognition of the privilege asserted, the meaning of the agreement, as we understand it, being that Haas accepted the obligation of J. B. Levert as a substitute for the bond of $40,000, and Brunson, as a substitute for any other bond that might have been required for the release of the sugars from his seizure.
On May 25th Mrs. Bradshaw obtained judgment against the Knoll Company, and seized the sugars in question under a writ of execution, though the Knoll Company took a ■devolutive appeal from the judgment, and the Levert Company filed an intervention, asserting a claim against the sugars and their proceeds, and thereafter appealed suspensively from a judgment rejecting its demands. On June 22d the sugars were adjudicated, under the execution in the Bradshaw Case, to the Levert Company, for .$10,000.
By agreement between the counsel representing Mrs. Bradshaw and the Levert Company, respectively, no money was paid to the sheriff, but instead he was authorized to receive, and did receive, a draft for $10,000 drawn by the attorney of the Levert Company, on J. B. Levert, accepted by him, and made payable to the order of the sheriff, upon the 'following condition, as expressed in a letter from Mrs. Bradshaw’s attorney, of date July 3, 1912, to wit:
“You are to hold the draft until the contest between J. B. Levert Co., Ltd., and Mrs. Bradshaw is terminated; and, if it should be decreed by the court that Mrs. Bradshaw is entitled to the proceeds from the sale of said sugars, then, and in that event only, you are to cash said draft, and not until then.”
On January 15, 1913, counsel representing W. D. Haas and the Levert Company filed a joint motion, in the suit of Haas v. Knoll Company, reciting that the sugars in question had been seized and sold in the Bradshaw Case, and that the Levert Company had entered into an agreement—
“in regard to the rank and privilege that the claims of plaintiff should bear, and the plaintiff and defendant [should be intervener] now desire to release the bond and its surety, furnished to release the writ of sequestration”
—which was followed by an order of court canceling the bond of $40,000 which had been given by the Levert Company, and releasing the surety. On the following day (January 16th), Brunson obtained judgment against the Knoll Company, with recognition of privilege, and on the same day the Castagnos Cane Loader Company, Jos. T. Cafiero, and J. Pollock & Co. also obtained judgments on claims held by them, respectively, against the Knoll Company. On February 1st the Levert Company bought the judgment which had been obtained by Brunson. On March 29th executions were issued on the judgments obtained by the Castagnos Company, Cafiero, and Pollock & Co., .and notices of seizure were served on the sheriff, and on April 24th those litigants proceeded, by rule, in the district court, alleging their judgments, and that they had “caused the seizure thereunder of the $10,000, proceeds of sale of the XX sugars and molasses, seized and sold as aforesaid, under the Bradshaw, Haas, and Brun *1077 ■son writs, which, fund is still held by the .sheriff under said writs,” and requiring the sheriff and the Levert Company to show ■cause why the sheriff should not desist from requiring indemnity bonds for the maintenance of the seizures, or reduce the amounts demanded, which was followed by another rule, in which the plaintiffs in the first rule are joined by Mrs. Bradshaw and W. D. Haas, and in which all parties allege that “they have an interest in a certain fund, or sum, ■amounting to $10,000, now in the possession of one Francis R. David, sheriff,” and pray that the sheriff be ordered to hold said fund, and that he and the Levert Company be required to show cause why “it should not be distributed and paid out, in the way of á •concursus,” to the parties interested therein.
The Levert Company filed exceptions of misjoinder, nonjoinder, no cause of action, and no right of action by rule, and after-wards an answer. The two rules were consolidated and tried, and on May 16th there was judgment, making the first rule absolute, on the ground, in effect, that the sheriff had no such fund as that mentioned, in his possession, and hence that there was no reason for the giving of indemnity bonds on account of its seizure; and the second rule was dismissed on the same ground. On May 12th this court refused a rehearing in the case of Mrs. Bradshaw v. Knoll Company, in which the judgment of the district court had been reversed and Mrs. Bradshaw’s demand rejected, and on June 9th reversed the judgment, on the intervention of the Levert Company (which came up as a separate appeal), and gave judgment for the intervener. See Bradshaw v. Knoll Co., 132 La. 829, 61 South. 839.
In the opinion, in the case last mentioned, it was said:
“The two matters were argued in this court at the same time, and a judgment has been rendered in the main suit, and is now final, rejecting the demands of the plaintiff therein [Mrs. Bradshaw], from which it follows that she is * * * eliminated from this proceeding, since, having no judgment and no claim against the Knoll Company, or the property which was seized, she has no interest and no standing to contest intervener’s claims thereto. The other party, the Knoll Company, did not appeal from the judgment herein rendered by the district court; and, though it filed a general denial to the intervention, its former president and former bookkeeper appeared in that court only to admit the correctness of the account sued on by the intervener, and it has not appeared in this court, through counsel or otherwise.”
The decree handed down in the case condemns the Knoll Company to pay the Levert Company $59,910, with interest on different amounts from different dates, and proceeds as follows:
“It is further decreed that said J. B. Levert Company, Limited, be recognized as having a privfiege and right of pledge upon, and to the full extent of, the $10,000 realized from the sale of the sugars and molasses seized in the suit of Mrs. Lee Porterfield Bradshaw _v. C. F. Knoll Planting & Manufacturing Company * * * superior to any right asserted by said Mrs. Bradshaw, and that said proceeds be paid over to it,” etc. J. B. Levert Co. v. Bradshaw, 133 La. 98, 101, 62 South. 488, 490. •
Opinion.
Conceding (arguendo, merely) that, for the purposes of the case stated, and relief prayed for, in the rule, there is no misjoinder of plaintiffs, and that all necessary parties have been made defendants, it does not follow that plaintiffs are entitled to that, or any other, relief, in the totally different case disclosed by the undisputed evidence.
They allege that there is’a fund of $10,-000, in which they have an interest, in the possession of the sheriff, and the prayer of the rule is that the sheriff, as a stakeholder, and the Levert Company, as a party in interest, be cited, and, after hearing, that the fund be distributed.
But, according to the evidence, there is no such fund in the hands of the sheriff, and never has been, and no one knew those facts better than the counsel for plaintiffs in rule, who represented Haas and Mrs. Bradshaw *1079 in tlae various proceedings to which, we have referred in the statement which precedes this opinion.
Haas, represented by the learned counsel, sued the Knoll Company, on February 1, 1912, for the price of sugar cane, alleged to have been sold to it, and caused the seizure, under a conservatory writ, of certain third sugars, as the product, in part, of the cane, and therefore as property to which his privilege for the price of the cane extended, the seizure being made in order that said property so affected might be held in gremio legis until he could obtain judgment recognizing and enforcing upon it the privilege so asserted by him. The Levert Company, on February 10th, intervened in the suit, asserting a privilege superior to that of Haas, and obtained the release of the sugars upon substituting a bond of $40,000, but the sugars, being only in process of manufacture, remained in the sugar house of the Knoll Company for the completion of the process, which required time; and on February 17th J. B. Brunson seized them on a claim and privilege asserted by him, whereupon, instead of giving another release bond, J. B. Levert gave his personal, written obligation, which was accepted by Haas and Brunson, to the effect that Levert Company would pay whatever judgment either of those litigants should obtain, to the extent that it might recognize a privilege on the sugars, which obligation, so accepted, released the sugars from Brunson’s seizure. In May following, Mrs. Bradshaw, obtained judgment against the Knoll Company for $14,000, and caused the sugars to be seized under a*writ of execution; and neither Haas nor Brunson concernéd himself about the matter, for the reason that, as to them, the obligation of J. B. Levert and the Levert Company had taken the place of the sugars. The Levert Company intervened for the protection of its interest, asserted its privilege, as against Mrs. Bradshaw, upon the sugars, and upon the proceeds, in the event of their being sold under the execution; and when the sugars-Were sold, on June 22, 1912, by the sheriff, it bid them in at $10,000, which is the first that we hear of the $10,000 fund. The only persons who were then asserting any interest in that bid, however, were Mrs. Bradshaw and the Levert Company, and, so long as the sheriff was paid his costs, they were-at liberty .to do about it as they pleased; and what they pleased to do was to enter into an agreement to the effect that the amount bid should not be paid into the hands of the sheriff, but that instead J. B. Levert should accexot a draft therefor, which the sheriff should collect only in the event that the judgment obtained, and which might be obtained,, by Mrs. Bradshaw against the Knoll Company and the Levert Company, respectively,, should eventually be affirmed. In that situation, on January 15, 1913, with the litigation-between Mrs. Bradshaw and the two companies still pending, counsel for Haas and for the Levert Company joined in a motion (filed in the pending suit of W. D. Haas v. C. F. Knoll Pit. & Mfg. Co.), in which, after reciting the giving of the bond for $40,000-by the Levert Company, it is alleged that “plaintiff and defendant [meaning intervener, instead of defendant] now desire to release-the bond with its surety, furnished to secure the release of the writ of sequestration” and the court thereupon made its order that “the bond be canceled and the surety thereon be-released from all liability thereon.” In the meanwhile, on January 9, 1913, Jos. T. Cañero, one of the plaintiffs in rule, obtained an ordinary judgment against the Knoll Company for $1,218.27, and thereafter (on January 16th and 17th, respectively), the C'astagnos Company obtained judgment against the Knoll Company for $749.13, with recognition of vendor’s lien upon certain machinery, or apparatus, and J. Pollock & Co, *1081 •obtained an ordinary judgment against tbe Knoll Company for $1,088.30. In June, 1913, as we have seen, the court rejected Mrs. Bradshaw’s demands against the Knoll Company and gave judgment as between her, the Knoll Company, and the Levert Company, recognizing the “privilege and the right of pledge and of pawn” of the Revert Company “to the full extent of the $10,000 realized from the sale of the sugars and molasses, seized in the suit of Mrs. Lee Porterfield Bradshaw * * * superior to any rights asserted by said Mrs. Bradshaw,” and directing that said proceeds be paid over to it.
If, in view of their allegation that the Knoll Company is insolvent, any of the parties plaintiff in the rule under consideration have any rights with respect to the $10,000 in question, their ingenious counsel may suggest another method of asserting it, but they can take nothing by this independent and summary proceeding to distribute, as in the possession of the sheriff, a “fund” which, in the sense in which they use the term, was not only never in the possession of the sheriff, but never existed.
The judgment appealed from is therefore affirmed.