### John Temple *v.* Marshall & James and Sheriff.

An appeal was filed on the 11th July, 1855, the court being then in session and the cause was continued on the 20th July, 1855. A motion made by the appellees, on the 16th July, 1856, to dismiss the appeal for irregularities in the transcript, namely, the want of an order of appeal, comes too late.

If the Sheriff has seized more property than could be considered reasonably necessary to satisfy the judgment, the proper course is not an injunction but an application to the District Judge to reduce the seizure. C P., 652.

Where it appears that plaintiff, in injunction, was not only surety on a twelve months' bond, but co-debtor, *in solido*, with the principal in the judgment on which the execution had issued, and that the property had been sold, for which the twelve months' bond was given, and also that the bond was past due and unpaid—the defendants had the right to issue execution against him in his capacity of surety. C. P., 719, 720.

APPEAL from the District Court of the parish of Morehouse, *Richardson*, J. *McGuire & Ray*, for plaintiffs and appellants. *Hunter*, for defendant.

Buchanan, J. This appeal was filed in this court on the 11th July, 1855, the court being then in session. The cause was continued on the 20th July, 1855. On the 16th July, 1856, a motion was made by appellees to dismiss the appeal for irregularities in the transcript, namely: the want of an order of appeal. This motion comes too late. See *Murray* v. *Bacon*, 7th N. S. 271 ; 2 An., 138.

The next day after the filing of the motion to dismiss, the appellant applied, by petition, to the court for a writ of mandamus to the District Judge, commanding him to amend the minutes of a preceding term of his court, *nunc pro tunc*, so as to make it appear that an appeal had been in fact ordered.

We entertain great doubts about the propriety of granting a mandamus for the purpose demanded, but are relieved of the necessity of a decision upon this point by the conclusion to which we have come, as already expressed, upon the inadmissibility of the motion to dismiss.

We will, therefore, consider this case upon its merits, and as if the transcript were perfectly regular.

The plaintiff and appellant prayed for and obtained an injunction against a *fi. fa.* upon a twelve months' bond, in which he was surety, upon several grounds.

On motion of defendants, the District Court dissolved the injunction upon the face of the petition, with damages, and plaintiff has appealed.

There is no error in the judgment of the court below. If the Sheriff seized more property than could be reasonably considered necessary to satisfy the judgment, the proper course was not an injunction, but an application to the District Judge to reduce the seizure. C. P., 652, 653.

From the petition, it appears that plaintiff, in injunction, was not only surety upon a twelve months' bond, but co-debtor, *in solido*, with the principal, in the judgment upon which execution had issued, and the property been sold, for which said twelve months' bond was given. It also appears, from the petition, that the twelve months' bond was past due and unpaid.

In plaintiff's capacity of surety on this bond, the defendants had the right to issue execution against him. C. P., 719, 720.

And although the petition alleges that the principal in the twelve months' bond had enjoined the execution upon it issued against himself, upon grounds touching the validity, legality and amount of the judgment and bond; yet the

TEMPLE
*v.*
MARSHALL.

plaintiff does not allege those objections to be true, nor does he even state what they are, save in the general terms above copied.

As to the plaintiff's co-debtor having bound himself towards plaintiff to pay all the debts of the late partnership of *Temple & Knox*, this is manifestly no ground for enjoining these defendants in executing their judgment against plaintiff.

The allegation of the petition that the *fi. fa.* issued prematurely, is inconistent with other allegations of the petition.

The want of a mortgage recorded against *Knox* for the price of property bought by him at Sheriff's sale, and constituting the consideration of the twelve months' bond, does not discharge the surety on that bond. *Coons* v. *Graham*, 12th Robinson, 206.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed with costs.