(79 South. 320)

No. 22033.

SAMMONS v. NEW ORLEANS RY. & LIGHT CO. (five cases).

(Oct. 16, 1916. On the Merits, May 27, 1918. Rehearing Denied June 29, 1918.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR &#10086;365(1), 792—ORDER OF APPEAL — JURISDICTION — WAIVER—DISMISSAL OF APPEAL.

This court is without jurisdiction to entertain an appeal without an order of appeal from the trial court, which cannot be waived or dispensed with even by the appellee. The court will take notice of the absence of an order of appeal, and, of its own motion, dismiss the appeal.

2. APPEAL AND ERROR &#10086;797(2) — APPEAL BOND—DISMISSAL OF APPEAL.

Including in the condition of an appeal bond superfluous matter is an informality for which the appeal will not be dismissed, especially when the motion to dismiss was filed more than three days after the return day.

3. APPEAL AND ERROR &#10086;624—FILING RECORD—TIME—CONSTRUCTION OF STATUTE.

Article 883 of the Code of Practice, providing that, if the appellant be prevented, by an event not under his control, from filing the record on or before the return day of the appeal, he may, within three days after the return day, obtain further time to bring up the appeal, means, not that the appellant must make a formal demand to have the benefit of the three days grace, but that, if he requires further time, he must make the demand within the three days and prove to the satisfaction of the appellate court that he was prevented by an event not under his control from filing the record on or before the return day.

On the Merits.

*(Additional Syllabus by Editorial Staff.)*

4. STREET RAILROADS &#10086;103(2) — PERSONAL INJURY—DUTY OF MOTORMEN.

A motorman is justified in assuming, even until it is too late to avoid an accident, that one approaching the track where his view is obstructed will heed the apparent danger and have some regard for his own safety.

5. STREET RAILROADS &#10086;103(2) — PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE.

If a street car was being run too fast when approaching a street, which danger was apparent to a pedestrian whose subsequent negligence was the direct cause of his fatal injury, he had the last clear chance to avoid the accident, and his children could not recover.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Separate suits by Ione Cecil Sammons, Rose Muriel Sammons, Angus Marion D. Sammons, Meredith Kerker Sammons, and Angus Marion D. Sammons, tutor, against the New Orleans Railway & Light Company, all of which were consolidated with suit of Rose Muriel Sammons and tried together by agreement. Judgment for defendant rejecting the plaintiffs' demands, and on plaintiffs' joint motion a petition for a devolutive appeal was granted. Appeals of all the plaintiffs dismissed, except that of Rose Muriel Sammons, the motion to dismiss whose appeal was overruled, and judgment affirmed.

Martin H. Manion, John C. Hollingsworth, and Philip H. Mentz, all of New Orleans, for appellants. Hall, Monroe & Lemann, of New Orleans, for appellee.

O'NIELL, J. Each of the plaintiffs filed a separate suit against the defendant for damages for the killing of their father in a street car accident. On motion of the plaintiffs' attorneys, to which the defendant's attorneys consented, the five suits were ordered consolidated. When the cases were called for trial, the attorneys for the plaintiffs

and the defendant agreed that the five suits should be tried as one; that the court should render one judgment in all five suits, stating, if there should be judgment for the plaintiffs, how much should be allowed to each; and that, in the event of an appeal, only one appeal might be taken instead of five. The cases were tried as one, but the judge rendered and signed five separate judgments, bearing, respectively, the titles and numbers of the original cases on the docket of the court. The judgment in each case was in favor of the defendant, rejecting the plaintiff's demand.

The five plaintiffs filed a joint motion or petition for an appeal, but the order granted the appeal to Rose Muriel Sammons alone.

The five plaintiffs and their surety, Martin H. Manion, signed and filed one appeal bond, containing the condition:

"That the above-bound Meredith Kerker Sammons, Muriel R. Sammons, Ione C. Sammons, Angus D. Sammons, Angus Marion D. Sammons, tutor, shall prosecute their appeal, and shall satisfy whatever judgment may be rendered against them or that the same shall be satisfied by the proceeds of their estate, real or personal, if they be cast in the appeal; otherwise that the said Martin H. Manion shall be liable in their place."

The transcript of appeal was filed in this court on the third day after the return day of the appeal; and, on the fifth day after the filing of the transcript, the defendant filed a motion to dismiss the appeal on the following grounds, viz.: (1) That a proper motion of appeal was not filed; (2) that a proper order of appeal was not entered or signed; (3) that a proper appeal bond was not given; and (4) that the transcript was filed too late.

[1] There is no merit in the appellee's contention that all of the plaintiffs did not file a petition or motion for an appeal. In compliance with the agreement entered into before the trial, all of the plaintiffs joined in one petition or motion for an appeal. Only one of them, however, Rose Muriel Sammons, ob-

tained an order of appeal. Our construction of the agreement of counsel for plaintiffs and defendant is that it would have been sufficient for the court to have granted one appeal to all of the plaintiffs, and we cannot understand why the appeal was granted to only one of them. The other four plaintiffs, namely, Ione Cecil Sammons, Angus Marion D. Sammons, Meredith Kerker Sammons, and Augus M. D. Sammons, tutor, did not obtain an order of appeal.

In the case of Gagneaux v. Desonier, 104 La. 649, 29 South. 282, it was distinctly held that an appeal could not exist without a judicial order granting it; that the appellate court was without jurisdiction without an order from the trial court, granting an appeal; that the order of appeal could not be waived or dispensed with by consent of the appellee; and that the court should on its own motion take notice of the absence of an order of appeal and dismiss the appeal.

Counsel for appellants contend that the motion to dismiss the appeal for want of an order of appeal cannot prevail, because the motion to dismiss was not filed within the three days prescribed in the Code of Practice; and they cite the following cases in support of that contention, viz.: O'Riley v. McLeod, 2 La. Ann. 138; Hall et al., Syndics, v. Nevill, 3 La. Ann. 326; Mitchell v. Lay, 4 La. Ann. 514; Boykin v. O'Hara, 6 La. Ann. 115; Temple v. Marshall & James, 11 La. Ann. 613; Creevy et al. v. Breedlove, 12 La. Ann. 745; Dumonchel v. Lemerick, 21 La. Ann. 30; Murrison v. Seiler & Co., 22 La. Ann. 327; Walker v. Sauvinet, 27 La. Ann. 314; Webb v. Keller, 39 La. Ann. 60;[1] and Monteleone v. National Union Fire Insurance Co., 128 La. 426, 54 South. 929.

In only three of the cases cited, Temple v. Marshall & James, 11 La. Ann. 613, Walker v. Sauvinet, 27 La. Ann. 314, and Webb v.

---

[1] 1 South. 423.

Keller, 39 La. Ann. 60, 1 South. 423, was it held that an appeal should not be dismissed for want of an order of appeal unless the motion to dismiss was filed within three days after the record was filed; and, in that respect, the decisions cited, and others to the same effect, were expressly overruled in the case of Gagneaux v. Desonier, 104 La. 654, 29 South. 282. Following the latter decision, we are constrained to dismiss the appeals of all of the appellants except that of Rose Muriel Sammons.

[2] As to Rose Muriel Sammons, although the condition of the appeal bond is declared to be that she and the other four plaintiffs "shall prosecute their appeal and shall satisfy whatever judgment may be rendered against them," our opinion is that the appellant Rose Muriel Sammons and her surety are bound by her obligation to prosecute her appeal and that the bond is valid. Including in the condition of the obligation of Rose Muriel Sammons, · to prosecute her appeal, the obligation of the other four plaintiffs (who had not obtained an order of appeal), to prosecute their appeal, was a mere informality, for which we would not, in any event, dismiss the appeal on a motion filed more than three days after the transcript was filed in this court.

[3] The contention of the appellee that the transcript was filed too late is based upon the appellant's failure to apply to this court on or before the return day of the appeal and, on proving to our satisfaction that she was prevented from filing the record in this court on the return day by an event not under her control, to demand and obtain further time to bring it up. Appellee refers to the requirements of article 883 of the Code of Practice for obtaining, within three days after the return day of an appeal, further time to bring it up. Our interpretation of the article of the Code is, not that an appellant must make a formal demand to have the benefit of the three days grace, but that, if he requires further time, he must make the demand within the three days following the return day, and prove to the satisfaction of this court that he was prevented by an event not under his control from filing the record on the return day.

It is ordered that the appeals of all of the plaintiffs be dismissed, except that of Rose Muriel Sammons, tho motion to dismiss whose appeal is overruled.

MONROE, C. J., takes no part.

### On the Merits. ·

O'NIELL, J. The five plaintiffs whose appeal was dismissed have taken a devolutive appeal, which has been consolidated with that of their sister, as to whom the motion to dismiss the appeal was overruled.

There is no dispute about the facts forming the general outlines of the case. The plaintiffs' father, walking across Baronne street, on the downtown side of Jackson, going to his home, in the direction of the river, at about 11 o'clock at night, was struck and killed by a street car going up Baronne street. The car line was a single track, on which, of course, the cars traveled in one direction only. The track was straight, and the view unobstructed, for a distance of two blocks, about 600 feet, from and below Jackson street. The neighborhood was a residence section of the city and very quiet at night. The car was well lighted, the front doors open, and the curtain removed. It was traveling at high speed, but probably not exceeding the limit fixed by municipal ordinance. It was making noise enough, as it approached Jackson street, to be heard more than a block from the scene of the accident. There was a "Go Slow" sign beside the track, below and near Jackson street; which sign, the defendant contends, was to be heeded by motormen in the daytime only, when there was considerable traffic on Jackson street.

A house fronting on Jackson street, on the downtown side, very near Barrone street, obstructed the motorman's view so that he could not see Mr. Sammons until the latter was on or very near the Barrone street sidewalk and within a distance of about 25 or 30 feet from the car track. Mr. Sammons' view of the car, of course, was likewise obstructed, but not his view of the light from the car, shining along the track. He was walking rapidly, and did not stop, look towards the car, nor change his speed, until he was struck down.

No explanation is given, nor theory advanced, as to why Mr. Sammons walked in front of the car, except that there is some evidence—and it is very doubtful—that he was intoxicated.

The plaintiffs contend that the defendant is liable for the neglect or failure of the motorman to have his car under such control as to be able to stop and avoid an accident when he saw the man so close to the track.

The motorman admits that it was too late to avoid the accident when he saw that the man would walk in front of the car. He testified that instantly he applied his brake and dropped his fender, and that nothing more could have been done then to avoid the accident. It is denied that the fender was lowered in time; but we think the circumstance that Mr. Sammons' body was not run over, but was shoved or carried across and beyond Jackson street and deposited beside the track, corroborates the motorman's statement that the fender was dropped into place before the car struck the man.

[4] It is too well settled to require citation of authority that, under the circumstances, the motorman was justified in assuming—even until it was too late to avoid an accident if the man should walk in front of the car—that he would heed the danger that was so apparent, and have some regard for his own safety.

143 LA.—24

[5] If it should be assumed that the motorman should have obeyed the "Go Slow" sign, and that he was traveling too fast when he approached Jackson street, that danger was apparent to Mr. Sammons, whose subsequent negligence was the direct cause of the accident. He, not the motorman, had the last clear chance to avoid the accident.

The judgments appealed from are affirmed.

MONROE, C. J., takes no part.