No. 393

First Circuit

——

WILLIS ET AL. v. ROAD DISTRICT No. 5 ET AL.

——

. (March 6, 1929. Opinion and Decree.)

——

P. L. Ferguson, of Leesville, attorney for plaintiffs, appellants.

Hardin, Hardin and Cavanaugh, of Leesville, attorneys for defendants, appellees.

ELLIOTT, J. James Fenwick Willis, Charles Fosscett, Tom Quave, Joe Gunter, Henry Perkins, James B. Chamberlain, William R. Lard, S. West and J. H. Davis each brought suit against J. J. Beeson and Road District No. 5 of the Parish of Vernon to recover of them in solido the amounts alleged in their respective petitions to be due them. The amount claimed by the parties is as follows:

James Fenwick Willis, $52; Charles Fosscett, $52; Tom Quave, $316; Joe Gunter, $62; Henry Perkins, $428; James B. Chamberlain, $736; William R. Lard, $624.40; S. West, $94, and J. H. Davis, $564.77. The claim of all the plaintiffs is based on work done by them in the construction of said road, except J. H. Davis. His claim is for feed and groceries, cash, etc., which he alleges that he furnished Henry Perkins and S. J. Smith, sub-contractors under J. J. Beeson, and by them used in the construction of said road. An itemized account of his alleged advances is annexed to and part of his petition.

The name of the plaintiff Fosscett appears in the judgment as Fawcett; and that of the plaintiff Lard, as Laurent. This difference is not mentioned in the briefs. We assume that Fosscett and Fawcett is one and the same party and that Lard and Laurent is the same party.

The plaintiffs claim that the Board of Supervisors of said Road District did not advertise for bids, but let the contract for the construction of the road to J. J. Beeson, without requiring from him a bond, as provided for by Act 234 of 1918, Section 6, and that said Beeson, for whom they worked, and the said Road District are therefore liable to them in solido on said account.

They further allege that said Road District is indebted unto said Beeson in an amount sufficient to pay them. That there remains in the hands of the Board of Supervisors of said Road District, and in the hands of the Police Jury of the Parish of Vernon, a residue of the proceeds of the bonds voted for the purpose of constructing said road, sufficient to pay them. That an amount sufficient for the purpose has been set aside for the payment of any indebtedness that might be incurred in the construction of said road, and that the indebtedness sued on was incurred for the account of and inured to the benefit of said Road District.

That said work was performed under agreement and at the special request of said Beeson and the Supervisors of said Road District. That they have filed with the Police Jury, the governing body of said Road District, a sworn statement of indebtedness, set forth in their petitions.

The defendant Road District and the Parish of Vernon answered all the suits on March 29, 1923, setting up the same defenses in each case.

J. J. Beeson did not appear in the case until March 24, 1924. He then urged as a defense, that the petitions of the plaintiffs set forth no cause or right of action against him, for the same reason, to-wit:

"Because it has been judicially determined by the decision of this court, of

date June 2, 1922, in the case J. Addison Heard vs. Supervisors of Road District No. 5, et al., No. 4837, on the docket of this court, that this Respondent was working for said Road District, as if said Road District was taking the work, the subject of this suit, into its own hands and performing said work under the authority of Section 7 of Act No. 30 of 1917, as will be seen by reference to said decision, so rendered; the entire record of said suit being hereto attached and made, part hereof.

"That therefore if any amount is due this plaintiff, by reason of work on said road, which respondent denies, such amount is due by said Road District and not by this Respondent."

In the J. H. Davis case, No. 4991, he additionally alleged, that the petition set forth no right or cause of action against him for the further reason, to-wit:

"Because, according to the allegations of plaintiff's petition, said alleged indebtedness was created by third parties, and there is no allegation that Respondent promised in writing to pay any debt of said third parties.

"Because the subject of said alleged indebtedness, according to said allegations, is feed, groceries and cash furnished by plaintiff to said third parties, for which items the law does not make either the owner or the contractor liable.

"Because in paragraph 15, plaintiff specifically alleges that said indebtedness was incurred for the account of and inured to the benefit of said Fifth Road District, and does not allege that Respondent was responsible therefor or had anything to do therewith."

These pleas on the part of Beeson are not exceptions of the kind claimed, but informal answers whereby he put at issue the right of the plaintiffs to recover judgment against him on the law and facts of the case. They were so regarded and evidence was adduced in their support.

The defense was sustained and the demands of all the plaintiffs against Beeson were rejected. The plaintiffs, referring to the ruling, say:

"That the Fifth Road District and the Parish of Vernon took no appeal, and as it was not a matter of interest to the plaintiffs, whether or not Beeson be retained in the suit, the plaintiff acquiesced in this judgment."

The action of the court on these so-called exceptions amounted to a final disposition of all the suits against Beeson, yet it was never reduced to writing. None has been read by the judge in open court, as required by Code of Practice, art. 543, nor signed as required by art. 546. If it was not for the fact that plaintiffs have acquiesced in the disposition of their demands against Beeson, the action of the lower court might not be regarded as final. See State ex rel. Ikerd vs. Judge, 35 La. Ann. 212; Nicholls vs. Maddox, 52 La. Ann. 497, 26 So. 994; James vs. St. Charles Hotel Co., 145 La. 1004, 83 So. 22; River & Rails Terminal Co. vs. La. Railway & Navigation Co., 160 La. 931, 107 So. 700. But in view of plaintiff's assent, we leave the situation as we find it.

The note of testimony shows that the cases were subsequently consolidated as between the plaintiff and the Fifth Road District and the Parish of Vernon.

There having been no concursus, and as the claims of James Fenwick Willis, Charles Fosscett, Joe Gunter and S. West are each for an amount less than that of which we have jurisdiction, Constitution 1921, art. 7, Sections 29 and 35, their demands are not appealable and are not before us on appeal.

As for Tom Quave, Henry Perkins, James B. Chamberlin and William R. Lard, the record does not show an appeal

granted them from the judgment in favor of the Fifth Road District rejecting their demand against it. It has not been moved that their appeals be dismissed, but we will ex officio dismiss them.

Ganeaux vs. Desonier, 104 La. 648, 29 So. 282; Sammons vs. N. O. Railway & Light Co., 143 La. 731, 79 So. 320; Louisiana Digest, Vol. I, Subject: "Appeals," pp. 395, Sec. 266.

The record shows that J. H. Davis was granted an appeal, but we do not find in the record any answer to his demand on the part of the Road District and Parish of Vernon. The Court minutes do not show on his part any default entered against the Road District. The judgment is in the form of one rendered after answer filed. Davis took the stand and testified in support of his demand and was then cross-examined by counsel for the Road District on the subject. A blank space left in the certificate of the Clerk of Court to the transcript, leaves it uncertain whether his case was answered by the Road District or not. We have sought through the Clerk of Court to ascertain if an answer to his demand was filed by the Road District, and if so, to have it sent up so as to enable us to review the record, and if none was filed, to have the fact properly shown. But our efforts have so far proved unavailing. If there was an answer it must be before us to enable us to act on the case.

For the reasons stated the appeal of Tom Quave, Henry Perkins, James B. Chamberlin and William R. Lard are hereby dismissed.

As for that of J. H. Davis, acting under the authority of the Code of Practice, arts. 899 and 906, the transcript herein, insofar only as concerns the appeal by him, is ordered returned to the Clerk of Court of the Parish of Vernon for certification, so that we may know whether his demand against Road District No. 5 was answered by the Road District or not. If none was filed, the transcript is to be returned to the Clerk of Court at Baton Rouge, La., without delay. If an answer was filed, it is to be placed in the record and the record returned to the Clerk of this Court at Baton Rouge, La., without delay. If an answer was filed, and the original has been lost or destroyed, but was recorded as provided for by Revised Statutes, Section 474 (amending Act No. 17 of 1878) a copy of the registry is to be placed in the record in lieu of the original. If it was lost or destroyed without having been recorded, and Davis and the Road District cannot agree on a reproduction of the original, it may be then reproduced under the provisions of Act 57 of 1886, and as reproduced, placed in the record and the record then returned to the Clerk of this Court at Baton Rouge, La. J. H. Davis and Road District No. 5 are each to be given notice of this order and return of transcript in time for them to be present by their counsel before any action is taken hereon.

The submission of this appeal made at Baton Rouge as to J. H. Davis is to stand, but further consideration of the same will be postponed until the order herein given has been complied with, subject to our right to enter any further order that we may find necessary in the case.

The cost occasioned by this return is to be paid by J. H. Davis.