No. ——

First Circuit

---

MAUMUS v. WILSON

---

(May 3, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Taxation—Par.** 326, 330, 333, 341, 377.

A tax sale of property assessed in the name of A, but owned and paid by B, is an absolute nullity, because taxes had been previously paid and the prescription of three years does not apply.

Appeal from the Parish of Iberia. Hon. James D. Simon, District Judge.

Action by Achille J. Maumus against Jules Wilson, et al.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Burke & Smith, of New Iberia, attorneys for plaintiff, appellee.

Weeks & Weeks, of New Iberia, attorneys for defendant, appellant.

MOUTON, J. Lot No. 10, of Block 3, of Smith's addition, situated in the city of New Iberia, was sold as the property of Joe Wilson for the delinquent taxes of 1913. The property was adjudicated to plaintiff on June 13, 1914, at tax sale.

He brings this suit for the ownership of the property against defendants, who, he alleges, are in possession thereof.

Several nullities are leveled by defendants against the validity of the sale which, under a plea of the constitutional prescription of three years filed by plaintiff, the court below held had been cured by that prescription. Judgment was rendered for plaintiff, from which defendants appeal.

The property was originally acquired by Annette Thomas, wife of Jules Wilson, from Aglia Thomas and others, on December 6, 1900. On the day she acquired it, Annette Thomas sold it to Felix Leblanc, from whom she reacquired in December, 1902. She thereafter sold it in 1902 to Max Mattes, specially reserving in the deed the right to redeem the property within two years from the date of sale, of which she did not avail herself. Max Mattes, January 11, 1913, sold it to Joseph Wilson for $400.00, of which $300.00 was paid cash, the vendor retaining a mortgage to secure the balance of the purchase price.

Jos. Wilson, to whom Mattes sold, was a son of Annette Thómas and Jules Wilson. Jos. Wilson, after he had acquired, lived on this property with his mother until 1916, when he left New Iberia for Galveston, where he died the same year. Annette Thomas continued to live on the property until 1924, dying in that year. Her husband, Jules Wilson, is also deceased. The defendants, who are the brothers and sisters of Joe Wilson, deceased, are the heirs. of Annette Thomas.

The parish and state taxes, as appears from the receipts, were paid by Annette Thomas and the defendants from 1916 to 1923, and taxes to the city of New Iberia from 1914 to 1923.

The tax rolls show that the property was assessed to Annette Thomas in 1912 and 1913. The district judge, in his written opinion, says that the supplemental roll carried the name of Annette Thomas. with the said property described to her. He says it is also shown that Annette Thómas paid the taxes assessed thereon, this, preceding the tax sale in the name of Joe Wilson. The record amply supports this finding of the lower court that the properpty had been assessed in 1913 to Annette Thomas, and that she had paid the taxes for that year and prior to the tax sale in the name of Joe Wilson to plaintiff herein.

Cooley, on Taxation, second edition, says:

"A government has no inherent right to deprive the citizen of his property except in pursuance of regular and lawful proceedings, and for a lawful demand; a sale of lands will be void if they were not liable for the tax; and so it will be if made for a tax legally assessed but which in some lawful manner has been discharged." P. 69.

On page 450 he says:

"If the owner, or any other person entitled to make payment of a tax, shall do so, the lien shall not only be thereby absolutely discharged, but authority to proceed further against the property will be at an end."

And in speaking of those who are entitled to make payment, he says, would include anyone who may have been "assessed for the tax", and any others whose interests would be affected by the sale. He even inclines to the opinion that any volunteer may pay the tax if he chooses. Here, it is clearly shown that Annette Thomas had been assessed for the year 1913; that the property was sold for the payment of the taxes of that year, and that she was vitally interested in paying the tax. It is therefore obvious that the sheriff was without authority to sell the property in 1914, for the taxes which had been paid, conceding for the sake of argument that the property belonged at the time to Joe Wilson, and had been properly assessed to him. The fact that such a sale is null is recognized in a clear-cut and vigorous opinion in Mecom vs. Graves, 148 La. 369, 86 South. 917, in which the court said:

"It is well settled that a sale made for taxes, a part of which were previously paid, no matter by whom, is absolutely null and is not protected by the prescription of three years." Citing several decisions on the subject.

Besides recognizing the doctrine that a tax sale is absolutely null when the tax has been previously paid, and no matter by whom, the court held that the purchaser was not protected by the prescription of three years. The defendants being in possession, as appears by the allegations of plaintiff's petition, and by the evidence of record, and as plaintiff has failed

to show an apparently valid title in himself, the judgment must be reversed and the demand of the plaintiff dismissed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed; and it is further ordered and decreed that the demand of the plaintiff be dismissed at his cost in both courts.