No. 3171

Second Circuit

---

COLBERT AND SNIDER v. ALPHONSE BRENNER CO., INC.

---

(March 14, 1928. Opinion and Decree.)
(May 22, 1928. Rehearing Refused.)
(June 2, 1928. Writ of Certiorari and Review denied by Supreme Court.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 375, 517, 526.**

A motion to dismiss an appeal for want of citation may be filed at any time, even after three days from date the transcript is filed.

2. **Louisiana Digest—Appeal—Par. 359, 522; Citation and Appearance—Par. 41.**

Although a general apperance on appeal waives want of citation, nevertheless a motion to dismiss an appeal on several grounds does not waive the right to have it dismissed for want of citation.

3. **Louisiana Digest—Appeal—Par. 356, 357, 375.**

Where a motion but no order of appeal was made in January, 1927, and another motion and order was made at another term of court in September, 1927, appeal will be dismissed for want of citation.

Appeal from the First Judicial District Court, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Colbert and Snider against Alphonse Brenner Company, Inc.

There was judgment for plaintiffs and defendant appealed.

Appeal dismissed for want of citation.

John B. Files, of Shreveport, attorney for plaintiffs, appellees.

Wise, Randolph, Rendall and Freyer, of Shreveport, attorneys for defendant, appellant.

WEBB, J. The appellant appeals from a judgment rendered against it in favor of plaintiffs on a claim for services alleged to have been rendered under a contract of employment, and plaintiff has moved to dismiss the appeal on the grounds that there was not any legal bond filed and no citation of appeal.

On the cause being called, defendant excepted to the motion on the grounds that it did not appear to have been filed, and it came too late, and further urged that the motion to dismiss for lack of bond waived the want of citation of appeal, and, on the merits of the motion, urged other reasons why the appeal should not be dismissed which will be hereinafter stated

First, relative to the motion to dismiss not being filed, it appears on the face of the motion that it was presented to one of the judges of this court and ordered to be filed and set for hearing, and it further appears from a certificate of counsel for appellee that a copy of the motion had been sent to counsel for appellant.

The objections, we think, relate to the matter of hearing the motion, and as counsel for appellant do not claim that a copy of the motion was not served, as shown by the certificate of counsel, and not having asked that the date for the hearing be postponed, we think the objections should be overruled.

Second, that the motion came too late, not having been filed within three days from the date the transcript was filed, is apparently based upon the ground that a motion to dismiss for want of citation is merely an informality and could not be filed after three days from the date the transcript was filed.

The want of citation is not, however, merely an informality, and the motion was timely filed. (See Comire vs. Schiro Amusement Co., 6 La. App. 440, and authorities cited.)

Third, that the want of citation was waived by the motion to dismiss being also made on the ground that there was not any bond as well as on the ground that there was not any citation.

The general rule is that a general appearance on appeal, as an answer, waives want of citation, and it has been held that where a motion has been made to dismiss an appeal on other grounds, such as to right of appeal or insufficiency of transcript (Succession of Baumgarden, 35 Ann. 130; Lee vs. Goodrich, 21 La. Ann. 278) has the same but, when the motion does not set forth any matters that trench on the merits, as in the present case, we do not think the motion to dismiss for want of citation, although other grounds are set up, waives want of citation.

The record shows that the judgment was rendered and signed on January 19, 1927, and on January 22, 1927, that a written motion for suspensive and devolutive appeal was filed in open court at motion hour, praying that the appeal be granted and devolutive bond and return day fixed, and that a bond for fifteen hundred dollars, which was sufficient for a suspensive appeal, was filed on the same date, and that following, on September 21, 1927, a motion was made for a devolutive appeal, and an order entered granting the appeal, fixing the amount of the bond and the return day, and the bond which was originally filed was refiled on September 21, 1927.

The motion to dismiss for want of citation was based upon the order of September 21, 1927, in which it was contended that the motion was made and order of appeal entered at a subsequent term to that on which the judgment was rendered, and if the order and appeal of that date is considered, the motion to dismiss for the want of citation is fully supported by the decision in Comire vs. Schiro Amusement Co., supra, and the authorities cited therein.

Appellant apparently argues, however, that the law favoring appeals, the motion for appeal of date January 22, 1927, having been filed at motion hour during the term the judgment was rendered, and if the order of appeal was not granted and entered on the minutes it was not appellant's fault, and, further, that the order of date September 21, 1927, should relate back to the motion of date January 22, 1927.

If the appeal could be considered as authorized on January 22, 1927, when the motion was made, it would not, of course, have been necessary for any citation of appeal to have been made, but appellant has not suggested that the cause be remanded for the purpose of showing that an order for the appeal was made, and to have the minutes corrected, and as we see the matter, in order to hold that an appeal was granted at that time, we would have to hold that it was the absolute duty of the court to have granted the appeal, fix the amount of the devolutive bond and return day and relieve appellant of any duty to have the order properly made and entered.

The right of appeal while favored is not absolute, and the amount of the devolutive appeal bond is somewhat within the discretion of the court, and it is held that where the record does not show an order of appeal it will be dismissed ex proprio motu (Sammons vs. N. O. Ry. etc., Co. 143 La. 731, 79 So. 320, and authorities cited; also Sullivan vs. Tremont & Gulf Ry. Co., 4 La. App. 358; Grayson, Newton & Co. vs. Blount & Welch, 4 La. App. 554), and we are of the opinion such ruling precludes us from holding the order of appeal was granted, and while there is authority to the effect that the order for appeal may be signed subsequently to the date the appeal should have been perfected where the court had neglected to sign the order when timely presented, we do not think it should be held that the order of date September 21, 1927, which the minutes show was entered on a motion made at that time and under which a bond was filed should be held to have related back to the motion made on January 22, 1927.

We conclude that if the appeal is considered under the motion and order of date September 21, 1927, there was not any citation of appeal, and as there was not any order of appeal on the motion of January 22, 1927, the appeal cannot be considered as having been granted under that motion, and the motion to dismiss must be sustained, and the appeal is therefore dismissed.