On Rehearing
CULPEPPER, Judge.
We granted a rehearing to reconsider our decision that the defendant is liable under the last clear chance doctrine. After further study, we have concluded that the plaintiff, Mrs. Guillotte, had at least an equal opportunity to avoid the collision and hence, under our established jurisprudence as cited hereinafter, cannot recover under the last clear chance doctrine.
In our original decision we held that Mrs. Guillotte, after observing the Gaspard vehicle rapidly overtaking her, did not have enough time to avoid the accident by driving her vehicle from the main traveled portion of the highway onto the shoulder. After further study, we are now convinced that Mrs. Guillotte could and should have seen the Gaspard automobile approaching from the rear in time to maneuver her vehicle onto the shoulder. Hence, plaintiff also had a chance, as late if not later than defendant, to avoid the collision.
The facts show that Mrs. Guillotte had stopped her vehicle upon the paved and main traveled part of the highway. She could easily have parked on the shoulder, which was sufficiently wide and adequate in all respects. As we stated in our original decision, she was therefore clearly in violation of LSA-R.S. 32:141 and guilty of negligence which was a contributing cause of the accident.
While parked in this position, Mrs. Guillotte left her motor running. The road to her rear was straight and level. Visibility that day was good. There was nothing to obstruct her vision to the rear. Despite the highly dangerous situation which she had created by obstructing the highway, Mrs. Guillotte did not look to her rear until her husband shouted a warning of the approaching vehicle. In our original decision we held that by this time it was too late for her to drive onto the shoulder. However, under our last clear chance doctrine, she is required to see what she should have seen. Had Mrs. Guillotte been observing *788 to the rear, as she certainly had a duty to do in view of the dangerous situation she had created, she could and should have seen the Gaspard vehicle approaching behind her before Mr. Guillotte shouted the warning and certainly in adequate time to have driven onto the shoulder.
We are aware of the origin, history and evolution of the last clear chance doctrine in Louisiana.[1] We are cognizant of the criticisms by authorities who think the doctrine is now composed of a variety of irreconcilable rules lacking any rational fundamental theory to support them.[2]
However, regardless of these difficulties, the present case is controlled by jurisprudence [3] which is now well established in this state, and which we are compelled to follow. One of the leading cases is Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4 (1952) in which a bicycle on the sidewalk struck the right front fender of defendant’s truck, which was being driven across the sidewalk on a driveway. The court found that the boy on the bicycle could and should have seen the truck in time to avoid the accident and therefore no recovery could be had against the defendant’s truck driver under the doctrine of last clear chance. The court held:
“The rule of ‘the last clear chance’ or ‘discovered peril’ applies to both parties who are involved in an accident. In 38 Am.Jur. Negligence, Sec. 227, that thought is expressed as follows: ‘As graphically stated by some authorities, the doctrine of discovered peril is a two-edged sword, applicable equally to the rights of a defendant and those of a plaintiff.’ Under the facts of' this case it was the bicycle rider who had the better opportunity to observe the situation and apprehend the danger before it became imminent. His opportunity came as late, if not later than that of the truck driver, to avoid the accident; he had the last clear chance and is not in a position to invoke its provisions against the defendants.”
For the reasons assigned, our original decision herein is recalled and set aside. The judgment appealed is now reversed and plaintiffs’ case dismissed. All costs in the lower court, as well as the costs of this appeal are asseed againt the plaintiff.
Reversed and rendered.
FRUGÉ, J., dissents and in so doing adheres to original opinion.
LEAR, J., dissents, being of the opinion the original decree was correct.
Rehearing denied.
FRUGÉ and LEAR, JJ., vote for rehearing.

. Comment, The Last Clear Chance Doctrine in Louisiana, 27 Law Review 269.

. Prosser, Law of Torts, Sd Ed., 437-443. This authority recommends that the doctrine of last clear chance be abandoned in favor of the comparative negligence.

. Lane v. Bourgeois, La.App., 28 So.2d 91; Bagala v. Kimble, 225 La. 943, 74 So.2d 172; Wheat v. Brandt, 61 So.2d 238; Tauzier v. Bondio, 237 La. 516, 111 So.2d 756; Barnhill v. Texas & Pacific Railway Company, 109 La. 43, 33 So. 63; Sammons v. New Orleans Railway & Light Company, 143 La. 731, 79 So. 320; Glatt v. Hinton, La.App., 205 So.2d 91 (4th Cir. 1967); McGinty v. Insurance Company of New America, La.App., 205 So.2d 170 (2d Cir. 1967).